[No. E044045. Fourth Dist., Div. Two. Feb. 27, 2009.]

STEVEN NELSON, Plaintiff and Appellant, v.
AVONDALE HOMEOWNERS ASSOCIATION, Defendant and Respondent.

## COUNSEL

Veronica M. Aguilar for Plaintiff and Appellant.

Hollins • Schechter, Tamara M. Heathcote and Jeffrey R. Gillette for Defendant and Respondent.

OPINION

RAMIREZ, P. J.—Plaintiff and appellant Steven Nelson (Nelson) challenges the trial court ruling denying Nelson's motion for a preliminary injunction. Nelson sought the injunction to stop defendant and respondent Avondale Homeowners Association (HOA) from preventing Nelson's "visitors/guests/religious affiliates and patients from entering the gates at Avondale HOA" pending the resolution of Nelson's complaint for causes of action including discrimination and declaratory relief. As discussed below, we find no merit to Nelson's arguments and so affirm the trial court ruling.

## STATEMENT OF FACTS AND PROCEDURE

On June 20, 2007, after receiving a "right to sue" letter from the Department of Fair Employment and Housing, Nelson filed a complaint with the superior court, naming the HOA as defendant. The complaint alleged that Nelson is a "world renowned Homeopathic Nutritionist and religious counselor" with a doctorate in pharmacology and a doctor of clinical religious counseling. Nelson maintained his practice in an office in Palm Desert. Nelson's wife died in 2004. In 2006, the complaint alleged, Nelson became ill with Epstein-Barr virus and hypothyroidism with concomitant adrenal exhaustion. One effect of the illness was bouts of dizziness. The complaint alleged that Nelson was restricted from driving and "from essentially leaving his home."

At some point, Nelson relocated his religious and medical counseling practice to his home. Nelson would see up to eight individual patients a day for one-half hour at a time, five days a week. The complaint alleged that Nelson did not sell products or bill the patients from his home. The complaint further alleged that Nelson was not operating a " 'Home Business' " according to the rules and regulations of the HOA, and he asserted that the HOA was violating his rights under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), as well as the United States and California Constitutions by preventing Nelson's visitors from entering the HOA grounds. The complaint alleged five causes of action: (1) disability discrimination under the FEHA; (2) religious discrimination under the FEHA; (3) breach of contract; (4) intentional infliction of emotional distress; and (5) declaratory relief.

On June 22, 2007, Nelson filed a motion for preliminary injunction. In his supporting declaration, Nelson declared that, beginning around May 12, 2007, the HOA "prevented anyone who was coming to visit or consult with me for religious or nutritional purposes from coming into the Avondale gate" after concluding that Nelson was running a home business in violation of the HOA's rules and regulations. Nelson declared that the HOA's actions were costing him $5,000 a day.

On July 16, 2007, the HOA filed its opposition to Nelson's motion for preliminary injunction. In a declaration in support of the opposition, Mell Kilpatrick, a member of the HOA board of directors, declared that Nelson had been running a business from his home since December 2005. He also declared that Nelson had approximately 1,060 visitors and vendors travel in and out of the HOA gates from December 2005 to December 2006, and that Kilpatrick had personally witnessed people leaving Nelson's home carrying small packages. Kilpatrick outlined the steps taken by the HOA, beginning with a petition signed by 15[1] of Nelson's neighbors, presented to the HOA board of directors, stating that Nelson was selling products from his home and asking that the sales be stopped. On March 29, 2007, the HOA sent Nelson a violation notice advising him of complaints that he was running a business out of his home in violation of the HOA's rules and regulations. On April 11, 2007, the HOA sent Nelson a letter informing him of a hearing before the HOA board of directors on April 24, 2007, regarding this matter. On April 22, 2007, Nelson wrote a response to the violation letter explaining the situation with his illness and his business, and asking that he be allowed to proceed for an additional six to 12 months until he recovered. Nelson also stated he was medically unable to appear at the hearing.

The HOA board of directors held the hearing on April 24, 2007, and on April 27, 2007, sent Nelson a letter informing him of its three-part ruling. First, the board imposed a $200 enforcement assessment. Second, the board revoked all guest passes ("except for vendors such as landscapers, pool cleaners, housekeepers, etc.") until Nelson provided a new permanent guest list of family and friends, stating that "Entry will be denied to those persons seeking to purchase goods and services from your home." Third, the board stated that, once Nelson paid the enforcement assessment and provided a new permanent guest list, the HOA would "provide a reasonable accommodation to permit increased pickups and deliveries . . . so that you can service your customers by mail" until Nelson could reopen his office.

---

[1] Listed on the petition are 19 individuals from 15 addresses.

Nelson filed his reply to the HOA's opposition to his motion for preliminary injunction on July 20, 1997. In support of the opposition, Nelson attached the declaration of Sharon Morgan. Morgan declared that she was an employee at Nelson's business office and that all billing, administrative work and product sales were handled from the business office. Morgan also declared that she had lived with Nelson since December 2006 and that Nelson required a significant amount of rest because of his illness and "can rarely leave his home."

Nelson's motion was heard on July 27, 2007. The trial court denied the motion, concluding that Nelson had admitted that he was seeing patients at his home, and that constituted a home business. The court also concluded that the HOA was not discriminating against Nelson based on his religion or disability. At the end of the hearing, the HOA asked the court to grant its ex parte application for issuance of an order to show cause for a preliminary injunction against the operation of Nelson's home-based business. The court granted the order to show cause and set the hearing for August 31, 2007. This appeal followed on August 15, 2007.

### DISCUSSION

█ "In determining whether to issue a preliminary injunction, the trial court considers two related factors: (1) the likelihood that the plaintiff will prevail on the merits of its case at trial, and (2) the interim harm that the plaintiff is likely to sustain if the injunction is denied as compared to the harm that the defendant is likely to suffer if the court grants a preliminary injunction. [Citation.] . . . [¶] The determination whether to grant a preliminary injunction generally rests in the sound discretion of the trial court. [Citation.] 'Discretion is abused when a court exceeds the bounds of reason or contravenes uncontradicted evidence. [Citation.]' [Citation.] [¶] . . . [¶] We reverse an order denying a preliminary injunction only if the trial court has abused its discretion in ruling on *both* factors. [Citation.]" (*14859 Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal.App.4th 1396, 1402–1403 [74 Cal.Rptr.2d 712], italics added.)

█ Nelson's arguments on appeal as to the likelihood that he will prevail on the merits of the case at trial are for the most part easily dispatched. This is in part because they are without merit, and in part because they are not well made according to the established standards of appellate practice.

First, Nelson argues that the FEHA prohibits discrimination in all aspects of housing based on disability, medical condition and religion. He further states that the HOA was on notice of his disability through his letter dated April 22, 2007, but refused to meaningfully accommodate him; not to mention that Nelson received a "right to sue" letter from the Department of Fair Employment and Housing. A discussion of the legal authorities establishing that the HOA was required to accommodate Nelson, and specifying what the HOA was required to do, would have been helpful here, along with some demonstration that the HOA is a covered entity and its actions here are reviewable under the FEHA. Absent this, we decline to address the issue. (See *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [85 Cal.Rptr.2d 521].)

Second, Nelson argues that the Unruh Civil Rights Act (Civ. Code, § 51) prohibits discrimination regarding disability, medical condition, and religion, and that the HOA is a " 'business establishment' " within the meaning of this provision. This may be a true statement of the law, but it is not a cogent legal argument, with relevant citations to the record, establishing that the trial court abused its discretion when it found Nelson had not established a probability of success on the merits, at least as to whether the HOA violated the Unruh Civil Rights Act. We also likewise decline to address this issue.

■ Third, Nelson argues that, under Civil Code section 53, which prohibits restrictive covenants on the use of property based on disability or religion, the HOA's rules and regulations are void and unenforceable because they have a disparate impact on Nelson and his guests. Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273].) Again, Nelson has failed to provide more than a brief recitation of his argument on this issue, and so we decline to address it.

Fourth, Nelson argues that the HOA's failure to enforce its rules and regulations from December 2005 to April 2007 constitutes a waiver. Again, Nelson makes only this blanket statement, with no citation to authority or discussion of the authority as it applies to the facts of this case, and so this point is waived.

Fifth, Nelson argues he is not engaged in a " 'home business' " under the rules and regulations, and thus the HOA acted "arbitrarily and capriciously" when it fined him and restricted his visitors to those on his permanent guest list, even after Nelson "placed Respondents on notice of his disability and religious practices." We disagree. As the trial court stated in its minute order denying the preliminary injunction, Nelson has admitted that he runs a business out of his home. In his letter to the HOA on April 22, 2007, Nelson stated, "The continuity of my business and my livelihood are at stake. Thus, I respectfully request that I be allowed to continue to work from my home . . . ." Nelson alleged in his complaint that he would see up to eight people for "religious and medical counseling" a day, five days per week, which was the same practice in which he was engaged at his business office. Nelson also alleged in his declaration in support of the motion for preliminary injunction that he loses $5,000 a day when he is not seeing patients. In addition, Nelson's business violated section 7(a)(4) of the rules and regulations ("Pedestrian and vehicular traffic will be limited to that normally associated with residential districts") in that he admitted he had up to eight visitors a day, five times a week. Finally, in violation of section 7(a) of the rules and regulations ("The conduct of a home occupation requires both the approval of the City of Palm Desert and the approval of the Association"), Nelson did not seek permission from either the City of Palm Desert or the HOA until after he received the notice of violation in April 2007. Thus, the trial court did not abuse its discretion when it determined that Nelson could not establish a probability of success on the merits because he was running a home business in direct violation of the rules and regulations.

Sixth, Nelson argues that the HOA illegally has refused to provide him with a "meaningful reasonable accommodation" under the federal Fair Housing Amendments Act of 1988. (42 U.S.C.S. § 3601 et seq.) We could find no reference to this federal housing nondiscrimination law in Nelson's written or oral arguments below. Because Nelson did not make this argument in the trial court, it is waived on appeal. (See *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184–185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)

The trial court did not abuse its discretion when it determined that Nelson had not established a probability of success on the merits. Further, we need not consider Nelson's arguments on the potential for irreparable injury because, as set forth above, an appellant seeking reversal of an order denying a preliminary injunction must establish that the trial court has abused its discretion in ruling on both factors. For these reasons, we conclude that Nelson has not carried his burden to establish that the trial court abused its discretion when it denied his motion for preliminary injunction.

## DISPOSITION

The trial court's ruling denying Nelson's motion for preliminary injunction is affirmed. The HOA shall recover from Nelson its costs on appeal.

Gaut, J., and Miller, J., concurred.