Filed 3/7/13  Wawanese Gen. Ins. v. A.M. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| WAWANESA GENERAL INSURANCE COMPANY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.M., a Minor, etc., et al., <br><br> Defendants and Appellants. | B242128 <br><br> (Los Angeles County <br> Super. Ct. No. KC061254) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert A. Dukes, Judge.  Affirmed.

Matison & Margolese, Vana Parker Margolese and Wayne Hunkins for Defendants and Appellants.

Doherty & Catlow and James T. Catlow for Plaintiff and Respondent.

_____

Shelley B. (Shelley), as guardian ad litem for A.M. and V.M. (minors), appeals the declaratory relief judgment in favor of respondent Wawanesa General Insurance Company (Wawanesa) establishing that it has no duty to pay a negligent supervision judgment against Mary M. (Mary) arising out of her ex-husband's sexual molestation of A.M. We affirm because coverage was barred by a sexual molestation exclusion.

## FACTS

### Wawanesa's Policy

Wawanesa issued a homeowners policy (policy) to Mary. In relevant part, it stated: "If a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury'. . . caused by an 'occurrence' to which this coverage applies, [Wawanesa] will: [¶] 1. Pay up to our limit of liability for the damages for which the 'insured' is legally liable." "Occurrence" was defined to mean "an accident, including continuous or repeated exposure to substantially the same harmful conditions, which results, during the policy period, in [¶] a. 'Bodily injury.'" As an exclusion, the policy provided that Mary's coverage for personal liability did not apply to "'bodily injury' . . . : [¶] . . . [¶] k. Arising out of sexual molestation, corporal punishment, or physical or mental abuse."

The policy period was October 25, 2008, to October 25, 2009. Mary's ex-husband, Robert M. (Robert), was not an insured.

### Shelley's Underlying Action

On behalf of the minors, Shelley[1] filed an action alleging: A.M. suffers from cerebral palsy, scoliosis and severe displacement of her organs, and she has the mental and emotional functioning of an eight-year old. Her mobility and speech are limited. Robert is the minors' natural grandfather. Beginning in 2005, when A.M. was 12 years old, Robert sexually molested her on numerous occasions in the trailer behind the

---

[1] According to Wawanesa, Shelley is the minors' mother.

residence he shares with Mary. On November 1, 2008, A.M. and V.M.[2] were in the trailer.[3] Robert ordered V.M. to go into the bedroom and close the drapes. When V.M. complied, Robert molested A.M. V.M. eventually opened the drapes and witnessed the molestation.[4] The operative pleading charged Mary with, inter alia, negligently supervising the minors.

**Wawanesa's Declaratory Relief Action**

Wawanesa filed a declaratory relief action against Shelley and Mary seeking a declaration that it had no duty to defend and indemnify Mary because the minors' damages were not caused by an occurrence, and because damages arising out of sexual molestation were excluded.

**The Trial; Judgment**

After Mary's default was entered on June 30, 2011, Wawanesa and Shelley tried the case based on stipulated facts, evidentiary submissions and briefs.[5] Subsequently, the trial court issued its ruling on submitted matter and statement of decision. It concluded

---

[2]    In her opening brief, Shelley tells us that A.M. was 15 years old and V.M. was 13 years old as of November 1, 2008.

[3]    Shelley offers more details in her briefs. She explains that the minors' father, Jeffrey M. (Jeffrey), was living in the trailer. The minors spent the Halloween weekend with him. Early Monday morning, Jeffrey left for work. Soon after, Robert left his bed in the home and went into the trailer to molest A.M. Mary was aware that he went into the trailer. She brought him coffee in the trailer at about 7:00 a.m. before taking her own grandchildren to school.

[4]    According to the operative pleading: "As a legal result of [Robert's conduct], [V.M.] sustained physical and emotional injuries, including, without limitation, nightmares, agitation and reclusiveness, refusal to be touched by his mother . . . , and reduced participation in his schoolwork and in school athletics, and continues to suffer from these injuries. Further[,] [V.M.] suffered and continues to suffer greatly with guilt for having been unable to prevent the abuse of his sister."

[5]    Per the stipulated facts: "Robert [] was convicted by a trial court on March 12, 2010, of the criminal offenses of: 1. [Penal Code section 261, subdivision (a)(1)] Attempted Rape; 2. [Penal Code section 288] Oral copulation of one with physical or mental impairments; and 3. [Penal Code section 289, subdivision (b)] Sexual Penetration of one with physical or mental impairments."

3

that there was no occurrence under the policy because Robert's molestation was not an accident and Mary's negligence did not cause the damage. Even if Mary's negligence could be deemed an occurrence, the trial court found that the sexual molestation exclusion applied. Judgment was entered on June 6, 2012.

This timely appeal followed.

## DISCUSSION

### I. Rules of Insurance Policy Interpretation.

The ordinary rules of contract interpretation apply to insurance policies. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264 (*Bank of the West*).) A court engaging in the interpretive process must aim to effectuate the mutual intention of the parties. (Civ. Code, § 1636.) If the policy language is clear and explicit, it controls. (Civ. Code, § 1638.) But if the language is ambiguous, "'it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it.'" (Civ. Code, § 1638; *Bank of the West*, *supra*, 2 Cal.4th at pp. 1264–1265.) This rule protects an insured's objectively reasonable expectations. (*Id*. at p. 1265.) If this rule does not resolve the ambiguity, then the ambiguity is resolved against the insurer. (*Ibid*.) "An insurance policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable. [Citation.]" (*St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.* (2002) 101 Cal.App.4th 1038, 1056.) A policy "must be construed in the context of that instrument as a whole, and in the circumstances of that case, and *cannot be found to be ambiguous in the abstract*.' [Citations.]" (*Bank of the West*, *supra*, 2 Cal.4th at p. 1265.) In general, coverage provisions are interpreted broadly and exclusions are interpreted narrowly. (*State Farm Mut. Auto Ins. Co. v. Partridge* (1973) 10 Cal.3d 94, 101–102.)

### II. The Exclusion.

Shelley argues that the sexual molestation exclusion only applies to an insured person's conduct. Because Robert is not an insured person, Shelley contends that the exclusion does not bar coverage. In the alternative, Shelley contends that the minors'

4

injuries arose from Mary's negligent supervision and therefore did not arise from Robert's sexual molestation of A.M.

We disagree.

An exclusion must be conspicuous, plain and clear. (*E.M.M.I. Inc. v. Zurich American Ins. Co.* (2004) 32 Cal.4th 465, 471.) The exclusion at issue meets the test. Without qualification, it applies to bodily injury arising out of sexual molestation. Thus, the status of the molester—insured person or stranger to the policy—is irrelevant. Moreover, the "arising out of" language is broad. It encompasses any bodily injury emanating from sexual molestation. The minors' injuries arose directly from Robert's sexual molestation of A.M. because the minors would not have suffered damage in the absence of those vile acts.[6]

According to Shelley, if Wawanesa wanted to bar coverage for negligent supervision, the policy needed a specific exclusion. But Shelley did not cite any supporting law. When, as here, an appellant fails to support an argument "'with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' [Citation.]" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) More importantly, her point lacks import. Even if negligent supervision is covered under the policy, the damages are still subject to the sexual molestation exclusion. Next, Shelley posits that if the exclusion's "arising out of" language refers to the conduct of a stranger to the policy, the policy needed to say so. She provided no citation to authority. Nor did she provide reasoned argument explaining why the exclusion is ambiguous or why Mary had a reasonable expectation of coverage. Because we have no "responsibility to develop an appellant's argument" (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11), the argument fails.

---

**6** The parties do not focus on how the exclusion applies to the damages that V.M. suffered. Accordingly, we do not parse the damages suffered by A.M. and V.M. Even if V.M.'s damages did not arise from sexual molestation, it could easily be said that his damages arise out of mental abuse.

5

The case Shelley places high stock in is *Minkler v. Safeco Ins. Co. of America* (2010) 49 Cal.4th 315 (*Minkler*). In *Minkler*, a mother was insured under a series of homeowners policies and her adult son was an additional insured. After the adult son molested a minor in the mother's home, the mother was sued for negligent supervision and sought coverage for her conduct. Coverage was denied because the policy excluded coverage for bodily injury expected or intended by an insured or which was the foreseeable result of an act or omission intended by an insured. The court noted that "[a]bsent contrary evidence, in a policy with multiple insureds, exclusions from coverage described with reference to the acts of 'an' or 'any,' as opposed to 'the' insured are deemed under California law to apply collectively, so that if one insured has committed acts for which coverage is excluded, the exclusion applies to all insureds with respect to the same occurrence. [Citations.]" (*Id*. at p. 318.) In that case, however, the policy declared that the insurance applied separately to each insured. The court held: "Applying California principles of insurance policy interpretation, we now conclude that an exclusion of coverage for the intentional acts of 'an insured,' read in conjunction with a severability or 'separate insurance' clause like the one at issue here, creates an ambiguity which must be construed in favor of coverage that a lay policyholder would reasonably expect. Given the language of the 'separate insurance' clause, a lay insured would reasonably anticipate that, under a policy containing such a clause, each insured's coverage would be analyzed separately, so that the intentional act of one insured would not, in and of itself, bar liability coverage of another insured for the latter's independent act that did not come within the terms of the exclusion. We thus determine that [the mother] was not precluded from coverage for any personal role she played in [the adult son's] molestation of [the minor] merely because [the adult son's] conduct fell within the exclusion for intentional acts." (*Id*. at p. 319.)

*Minkler* is inapposite because the exclusion there applied only to the intentional act of an insured. The exclusion here contains no such limitation.

Shelley states in her reply brief that the exclusion is ambiguous because it is unclear whether it refers to conduct or damages. She is trying to fabricate ambiguity where none exists. The exclusion applies to bodily injury arising out of sexual molestation and therefore refers to the cause of that injury. Shelley also states that where there "is only one insured[,] it is clear you need to look to the insured's conduct, not the conduct of some stranger to the policy." This statement finds no support in the language of the exclusion. As we have already stated, the molester does not have to be an insured person.

All other issues raised by the parties are moot.

## DISPOSITION

The judgment is affirmed.

Wawanesa shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
        BOREN


_____, J.
        CHAVEZ


7