Filed 4/15/13  P. v. Philips CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN CAREY PHILIPS,<br><br>    Defendant and Appellant. | D060912<br><br><br>(Super. Ct. No. MH102766) |

APPEAL from an order of the Superior Court of San Diego County, Edward P. Allard III, Judge.  Affirmed.

John Carey Philips appeals an order involuntarily committing him for an indeterminate term to the custody of the California Department of Mental Health (DMH) after a jury found him to be a sexually violent predator (SVP) under the amended Sexually Violent Predators Act (SVPA) within the meaning of Welfare and Institutions

Code[1] section 6600 et seq. Philips contends the order must be reversed because the SVPA violates: (1) state and federal due process guarantees by imposing an indeterminate term on SVP's and requiring them to prove they no longer qualify as SVP's; (2) equal protection under the state and federal Constitutions; and (3) ex post facto and double jeopardy state and federal constitutional prohibitions. Having considered Philips's constitutional contentions in light of *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*) and *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*), we affirm the order of commitment.

## BACKGROUND

We omit a discussion of the facts of the underlying convictions as well as the evidence provided at the recommitment trial because Philips does not challenge either the admissibility or the sufficiency of the evidence to support his current commitment. Rather, this appeal presents questions of law.

In May 2010, the People filed an amended petition seeking to commit Philips as an SVP for an indeterminate term, alleging he was "convicted of a sexually violent offense against one or more victims for which he was sentenced and who has a diagnosed mental disorder that makes him a danger to the health and safety of others, in that it is likely he will engage in sexually violent predatory criminal behavior." In October 2011, a jury found Philips qualified as an SVP and the court committed him to the DMH for an indeterminate term.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

2

DISCUSSION

I.

*Due Process, Ex Post Facto, and Double Jeopardy Claims*

In his opening brief, Philips contends the amended SVPA violates due process by "replacing the two-year term with an indeterminate term and shifting the burden of proof onto the defendant to prove his entitlement to release." He further contends that the SVPA violates the constitutional prohibitions against ex post facto laws and double jeopardy. Philips makes the claims to preserve them for federal review, but acknowledges the California Supreme Court has rejected those arguments in *McKee I*, *supra*, 47 Cal.4th 1172, and we are bound by that case. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

II.

*Equal Protection Claim*[2]

Philips contends the indeterminate commitment term in the amended SVPA violates state and federal guarantees of equal protection because SVP's are treated differently from those offenders civilly committed under the mentally disordered offender (MDO) statute (Pen. Code, § 2960 et seq.) and the scheme for those found not guilty by reason of insanity (NGI). (Pen. Code, § 1620 et seq.) Specifically, Philips challenges *McKee II*, *supra*, 207 Cal.App.4th 1325, arguing this court "misunderstood and misapplied the strict scrutiny test." (Emphasis and capitalization omitted.) Philips

_____

[2] We grant Philips's request to take judicial notice of the trial court's statement of decision following remand proceedings.

3

contends this court "put itself in the position where it would find that McKee's equal protection rights had not been violated, notwithstanding the strict scrutiny test, if there was substantial evidence to support any reasonable inference that SVPs are in some way more dangerous than MDOs or NGIs even if the inferences are ones that are unlikely to be true. In effect, this Court applied the rational basis test, not strict scrutiny." Philips argues it is not enough to show that the Legislature or the voters could reasonably believe that SVP's are more dangerous as a class, than MDO's and NGI's. The disparate treatment must still be necessary to protect society. Philips further argues that "under the facts as presented in the *McKee II* opinion, this court reached the wrong conclusion with respect to its equal protection analysis." Philips argues we "basically ignored all the evidence presented by McKee and acted as if all the evidence presented by prosecution was indisputably true and believable."[3]

---

[3]    Philips criticizes our equal protection analysis in *McKee II*, claiming: "There are three elements that are under attack in this equal protection challenge. First, the indeterminate commitment; second, the shifting of the burden of proof of the Welfare and Institutions Code section 6608 proceeding; and third, the elimination of the right to a jury trial at the Section 6608 hearing. In order for the California SVP Law to withstand equal protection strict scrutiny analysis, each of these three elements must separately be found to be necessary to serve a compelling governmental interest." With no supporting citation, Philips elaborates on these points. We treat these claims as forfeited. "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

In any event, a court recently rejected this claim. " '[I]n strict scrutiny cases, the government must show both a compelling state interest justifying the disparate treatment *and* that the disparate treatment is necessary to further that compelling state interest. [Citations.] We are unpersuaded . . . that Proposition 83. . . was required to adopt the least restrictive means available.' " (*People v. McDonald* (March 28, 2013, No.

4

A.  *Applicable Law*

In *McKee I*, the California Supreme Court decided that SVP's are similarly situated to other civilly committed persons, including MDO's and NGI's.  The court recognized the amended SVPA was potentially unconstitutional in that similarly situated involuntary civilly committed persons under other statutory commitment regimes are not treated the same way as SVP's with regard to commitment terms and burdens of proof for release.  (*McKee I*, *supra*, 47 Cal.4th at p. 1207.)  The case was remanded to the trial court for an evidentiary hearing to allow the People an opportunity to justify the disparate treatment.  (*Id*. at pp. 1207-1211.)

During the pendency of this appeal, we decided *McKee II*, and affirmed the trial court's finding that the People had met their burden to justify the disparate treatment of SVP's.  We concluded the People had shown that " 'notwithstanding the similarities between SVP's and MDO's [and NGI's], the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society.' "  (*McKee II*, *supra*, 207 Cal.App.4th at p. 1347.)  "Regardless of the shortcomings or inadequacy of the evidence on actual sexual recidivism rates," the evidence "support[ed], by itself, a reasonable inference or perception that SVP's pose a higher *risk* of sexual reoffending than do MDO's or NGI's."  (*Id.* at p. 1342.)  The California Supreme Court denied review of *McKee II*, making our ruling final.

G044963) ___ Cal.Rptr.3d ___ [2013 WL 1246831 *7], citing *McKee II*, *supra*, 207 Cal.App.4th at p. 1349.)

5

B. *Analysis*

We conclude we applied the correct standard of review in *McKee II*, where we stated: "[W]e review de novo the trial court's determination whether the Act, as amended by Proposition 83, violates his equal protection rights. We independently determine whether the People presented substantial, factual evidence to support a reasonable perception that SVP's pose a unique and/or greater danger to society than do MDO's and NGI's, thereby justifying the disparate treatment of SVP's under the Act." (*McKee II*, *supra*, 207 Cal.App.4th at p. 1338.) Philips fails to explain how the facts in his case are so different from those presented in *McKee II* as to warrant an individualized adjudication of his equal protection claim. His unsupported arguments do not persuade us to revisit our holding; therefore, we decline his request to remand the matter for an evidentiary hearing.

DISPOSITION

The order is affirmed.


                                                                    O'ROURKE, J.

WE CONCUR:


McINTYRE, Acting P. J.


IRION, J.