Filed 3/20/14  Quiggle v. Franke CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| ELLYN QUIGGLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>STEVEN BERT FRANKE,<br><br>    Defendant and Respondent. | D063707<br><br><br><br>(Super. Ct. No. 37-2010-00095142-<br>CU-HR-CTL) |

APPEAL from orders of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

Ellyn Quiggle, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

This appeal arises out of an order granting plaintiff Ellyn Quiggle a civil restraining order to prevent harassment by defendant Steven Bert Franke, and a subsequent order denying her request to find Franke in contempt of that order.  Although her brief is unclear it appears that Quiggle is asserting the court erred in not extending the restraining order "in perpetuity" and not extending the protection of that order to her

daughter, Gabryelle. Quiggle also asserts that Franke's testimony at the contempt hearing was not credible. We conclude that Quiggle has forfeited her claims because she has provided no citations to authority in support of her contentions. We further conclude that we may not reweigh the court's credibility determinations.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2010 Quiggle filed a request for a civil harassment restraining order against Franke, alleging that he sent her "numerous harassing emails and text messages." She also requested that her daughter be protected because she was "fearful that he will harass my teenage daughter in an attempt to intimidate me." The court granted the restraining order as to Quiggle, but not as to her daughter.

Quiggle thereafter filed an order to show cause (OSC) and affidavit for contempt, alleging that Franke continued to harass her by following and chasing her in his car. As part of that OSC, Quiggle filed a police report detailing the alleged incident. She also filed a CD of the police recording of her 911 call that she made during the alleged incident.

The matter thereafter came on for hearing and the court heard the testimony of Quiggle and Franke. The court played the CD and reviewed the police report. Following that hearing the court denied Quiggle's petition, stating: "Having considered all evidence and [assessing] the credibility of the parties, [t]he Court finds [Quiggle] has not met her burden of proof and does not hold [Franke] in contempt."

## DISCUSSION

### I. *WAIVER*

In her opening brief Quiggle does not support her claims of error with citations to pertinent legal authority as required by California Rules of Court, rule 8.204(a)(1)(B).

An appellant must provide citations to legal authority and argument in support of a claim of error, or a court may deem the claim waived, because the court is "not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

The rules are equally applicable to Quiggle. " 'When a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)

We therefore conclude Quiggle has forfeited the issues raised on appeal. Further, addressing Quiggle's appeal on the merits, we conclude that we may not reweigh the credibility determinations made by the trial court.

### II. *MERITS*

In the argument section of her opening brief, Quiggle attacks the credibility of Franke, asserting that in his testimony at the contempt hearing he lied about the events that gave rise to her filing the OSC re contempt.

However, on appeal, we do not reweigh a court's credibility determinations. Appellate courts defer to a judge or jury's resolution of such factual issues because they have had the benefit of observing the demeanor of witnesses and are therefore in a better position to assess credibility.  (*Escober v. Flores* (2010) 183 Cal.App.4th 737, 752; *Maslow v. Maslow* (1953) 117 Cal.App.2d 237, 243.)

## DISPOSITION

The orders are affirmed.

NARES, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.