Filed 2/3/15  Hip Hop Beverage Corp. v. Bank of America CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| HIP HOP BEVERAGE CORPORATION, Plaintiff and Appellant, v. BANK OF AMERICA, N.A., Defendant and Respondent. | B252240 (Los Angeles County Super. Ct. No. BC493907) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert Leslie Hess, Judge.  Affirmed.

Rostam Law, Inc., Carlos A. De La Paz and Glen H. Mertens for Plaintiff and Appellant.

Bryan Cave, Robert E. Boone III and Bradley J. Dugan for Defendant and Respondent.

_____

When a demurrer is sustained with leave for a plaintiff to amend its negligence cause of action, it is improper for the plaintiff to exceed the scope of that order by alleging a cause of action for aiding and abetting fraud or conversion. Thus, we conclude that the trial court properly sustained a demurrer without leave to amend with respect to an impermissibly added cause of action for aiding and abetting fraud or conversion in an amended complaint filed by Hip Hop Beverage Corporation (HHBC) against Bank of America, N.A. (Bank of America). In addition, we reject the argument that the trial court should have granted HHBC's subsequent motion for reconsideration. Not only had HHBC taken the motion off calendar before the hearing date, the trial court lacked jurisdiction to hear the motion because, before the hearing date, the judgment had been entered and HHBC had filed this appeal.

We affirm the judgment.

## FACTS

HHBC sued Juneice Deanna Michaux (Michaux), ANHM FZCO LLC (ANHM) and Bank of America based on the following allegations: HHBC hired Michaux as a corporate officer in 2006. In January 2010, she filed a fictitious name statement in Los Angeles County stating that she was an individual doing business as Hip Hop Beverage, and then she opened a corresponding account at Bank of America. When she opened the account, she used HHBC's tax identification number. Next, she filed articles of organization for ANHM, a company with a name one letter shy of being the same as that of an HHBC customer, a company called ANHAM FZCO, LLC (ANHAM). Finally, she opened a bank account at JPMorgan Chase Bank (JPMorgan Chase) for ANHM. Once her accounts were set up, she instructed ANHAM to wire funds to her Bank of America account, and ANHAM did so because it reasonably believed it was wiring funds to HHBC. She moved those funds to the ANHM account with JPMorgan Chase. From the ANHM account, she deducted funds for her benefit, and then she wired the remaining funds to HHBC. HHBC reasonably believed it was receiving funds from ANHAM. Using this scheme, Michaux embezzled no less than $1,395,347.50 in funds belonging to HHBC.

Against Michaux and ANHM, HHBC alleged causes of action for fraud, conversion, accounting and imposition of constructive trust. With respect to Bank of America, HHBC alleged a negligence claim.

The trial court sustained Bank of America's demurrer to the original complaint, and granted leave to amend. After HHBC filed a first amended complaint (FAC), Bank of America once again demurred. It argued that a bank does not owe a duty of care to noncustomers. The one exception is when a noncustomer's check is presented for deposit, and it bears an objective sign of fraud. Because HHBC did not allege that its checks were presented for deposit, and that they bore objective signs of fraud, the FAC was factually deficient.

On June 7, 2013, the parties convened for a hearing and argued the demurrer. Afterwards the trial court stated: "I think that the pleading is insufficient to plead a duty. I am going to give [HHBC] another opportunity to amend." The trial court asked counsel if notice was waived, and both counsel agreed. Subsequently, counsel for Bank of America sought to clarify whether HHBC was being given leave "to allege checks were presented for deposit[.]" In response, the trial court stated: "I don't know what facts [HHBC's counsel] is going to plead. . . . I don't know what additional facts that he feels he can plead. Ordinarily when you grant leave to amend, it is to amend the particular claims, the legal theories that are pleaded. Absent a dispensation from the court, absent specific permission, you are not allowed to—you could not amend a negligence claim to allege a fraud claim or you could not allege—move to allege a [Business and Professions Code section] 17200 claim. That would require leave of court, but how he pleads it, what facts he chooses to plead, that is up to him. [¶] Now, if he pleads something factually that is contrary to what he has previously pled, then you can raise that objection. If he pleads—he is permitted to plead alternative and inconsistent legal theories. He is not ordinarily permitted to plead inconsistent facts."

3

When HHBC filed a second amended complaint (SAC), it substituted an aiding and abetting cause of action[1] for the negligence cause of action. Previous allegations regarding Michaux's scheme were realleged. It was also alleged: Hewan Kelete (Kelete), a manager at a Bank of America location in Los Angeles, was the account representative for Michaux. Kelete knew that Michaux's account "was an account established by [her] to receive funds belonging to [HHBC,] and that [Michaux] further used this account to obtain cashier's checks and make other transfers to accounts for the benefit of [Michaux] in furtherance of [her] embezzlement, theft, and conversion of [HHBC's] property." In particular, Kelete facilitated various wire transfers and issued various cashier's checks, and each transaction was "done in furtherance of [Michaux's] fraud and embezzlement from [HHBC]." Bank of America knew of these acts, and it "consciously desired and intended that [its] conduct would yield . . . assistance to" Michaux.

Bank of America filed a demurrer arguing that the SAC violated the order granting HHBC leave to amend the FAC because it was not given permission to allege an aiding and abetting cause of action. In addition, Bank of America argued that the aiding and abetting cause of action failed to adequately allege that it had knowledge of Michaux's fraudulent scheme.

At the hearing, the trial court spoke to counsel for HHBC and pointed out that an issue raised by the defense "is that when the [trial] court gave leave to amend, it was as to certain claims and the [trial] court did not give [HHBC] a wide-open opportunity to plead new and different theories. [¶] The rule is that when a trial court sustains the demurrer with leave to amend, the scope of the grant of the leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in [the] particular cause[] of action to

---

**1**      Technically, aiding and abetting is not a distinct cause of action. Rather, it is a theory of joint liability for a tort. (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 762.) Thus, HHBC alleged that Bank of America aided and abetted Michaux's fraud and conversion.

4

which [the] demurrer was sustained[,] but that is all. [¶] The plaintiff may not amend the complaint to allege a new cause of action without having permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." For support, the trial court cited *Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317 (*Community Water*). Next, the trial court stated, "And we had a discussion on June 7th. . . . And [as to] the negligence claim, the [trial] court sustained the demurrer saying that [HHBC] has not yet pleaded a duty on the part of [Bank of America] to [HHBC]. [¶] And during the hearing, we had a discussion of this. And I told you that absent a dispensation from the [trial] court, . . . you could not amend the negligence claim to allege a fraud claim or . . . a [Business and Professions Code section] 17200 claim. . . . [¶] Now, what you have done is you have purportedly changed this to an aiding and abetting claim of some kind." The trial court went on to conclude that the new cause of action was factually deficient.

The trial court sustained the demurrer without leave to amend on two independent grounds: (1) HHBC was not given leave to allege a cause of action for aiding and abetting; and (2) the new cause of action was factually deficient because it did not allege specific facts establishing that Bank of America had advance knowledge of Michaux's fraudulent scheme.

On September 16, 2013, HHBC filed a motion to reconsider, which was set to be heard on December 4, 2013. Judgment of dismissal was entered on September 27, 2013. On October 29, 2013, HHBC filed this appeal. HHBC took the motion for reconsideration off calendar because the judgment and appeal divested the trial court of jurisdiction.

**DISCUSSION**

**I. Standard of Review.**

"On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo[.]" (*Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.)

5

## II. The Demurrer was Properly Sustained Because HHBC was not Authorized to Allege a New Cause of Action.

"It is the rule that when a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all." (*Community Water*, *supra*, 200 Cal.App.4th at p. 1329.) Moreover, when a trial court sustains a demurrer with leave to amend, a plaintiff may amend its "complaint only as authorized by the [trial] court's order. [Citation.]" (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 (*Harris*).) Given this rule, the question presented is whether the trial court's order authorized HHBC to allege an aiding and abetting cause of action, i.e., a theory for holding Bank of America jointly liable for Michaux's fraud and conversion.

"A court order is interpreted under the same rules for interpreting writings in general. [Citations.] The language of a writing governs if it is clear and explicit. But when it is susceptible 'to two interpretations, the court should give the construction that will make the [writing] lawful, operative, definite, reasonable and capable of being carried into effect and avoid an interpretation which will make the [writing] extraordinary, harsh, unjust, inequitable or which would result in absurdity.' [Citation.] Subsequent actions by the rendering judge may be considered as bearing upon the judgment's intended meaning and effect. [Citation.]" (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 989.)

The trial court's ruling was this: "I think that the pleading is insufficient to plead a duty. I am going to give you another opportunity to amend." In our view, this order was clear and explicit. HHBC was given leave to amend so it could better allege its negligence cause of action. Though HHBC suggests that the order should be interpreted to mean that HHBC could allege new legal theories based on the same harm, the order is not reasonably susceptible to that interpretation. Significantly, the trial court's order did not mention new or alternative legal theories.

6

The surrounding circumstances, and the trial court's interpretation of its own order, support our conclusion. At the June 7, 2013, hearing, HHBC's counsel never suggested that he could allege alternative legal theories of liability in lieu of a negligence theory. Nor did he mention aiding and abetting as a potential theory for holding Bank of America jointly liable for fraud and conversion. After both counsel waived notice of the ruling, counsel for Bank of America sought to clarify whether HHBC had been given leave to allege, in essence, that Bank of America breached a duty of care by accepting checks for deposit even though they bore signs of fraud. The trial court stated that it did not know what counsel for HHBC was going to allege. Further, the trial court explained the general rule that a plaintiff is limited to amending the particular legal theories previously pleaded. And it specifically stated that "you could not amend a negligence claim to allege a fraud claim" absent permission.[2] Last, it explained that a plaintiff cannot ordinarily plead inconsistent facts even if it could plead alternative and inconsistent legal theories, and it assured counsel for Bank of America it could object if HHBC pleaded inconsistent facts. From context, we glean that the trial court's last words were an attempt to provide counsel for Bank of America with general statements of pleading law, and that the trial court did not intend to expand the scope of its order to permit HHBC to allege a theory of joint liability for fraud and conversion. This is so because the trial court had already expressed its view that leave to allege new legal theories required "dispensation" or "specific permission," and the trial court did not expressly give HHBC such dispensation or permission. This interpretation is backstopped by the trial court's own understanding that it did not grant HHBC leave to allege new legal theories.

---

[2]    HHBC concedes that the "trial court specifically stated that HHBC could not change its negligence claim against [Bank of America] to allege a fraud claim[.]" What HHBC fails to realize is that it did exactly what the trial court had proscribed because the aiding and abetting cause of action, in part, is merely a theory of joint liability for Michaux's fraud.

According to HHBC, it did not violate the general rule against adding new causes of action because its aiding and abetting theory and negligence theory are the same cause of action based on the primary rights theory that is utilized by courts when applying the doctrine of res judicata. In making this argument, HHBC suggests it was given leave to amend its "cause of action" rather than just its legal theory, that aiding and abetting and negligence qualify as the same "cause of action" because they both seek redress for the same injury (loss of money embezzled by Michaux), and therefore its amendment was authorized by the trial court's order.

This argument is misplaced.

The issue here is the scope of the trial court's order rather than the application of res judicata. (*Harris*, *supra*, 185 Cal.App.4th at p. 1023.) It gave HHBC leave to amend its negligence theory of liability. Thus, the legal implication of the phrase "cause of action" is a red herring.

## III. The Trial Court Properly Denied Leave to Amend.

At the hearing on the demurrer to the SAC, the trial court sustained the demurrer without leave to amend on two grounds, one being that the aiding and abetting cause of action had been alleged without the trial court's permission. According to HHBC, the trial court abused its discretion.

We disagree.

HHBC urges us to follow *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386 (*Careau*). It states that "it is an abuse of discretion to sustain demurrers without leave to amend if there is a reasonable possibility that the plaintiff can amend the complaint to cure its defects. [Citations.] To meet the plaintiff's burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action. [Citation.] However, such a showing need not be made in the trial court so long as it is made to the reviewing court. [Citations.]" (*Ibid*.) After citing *Careau*, HHBC argues that it can amend its aiding and abetting cause of action. However, *Careau* is inapposite because it did not involve a cause of action which was alleged without leave of court.

8

In our view, it is *Harris* that should guide us.

The plaintiff in *Harris* filed an amended complaint that alleged causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair business practices. The trial court sustained the defendant bank's demurrer without leave to amend on the grounds that all three causes of action were preempted by the federal Home Owners' Loan Act, and also that the unfair business practices cause of action "was impermissibly added to the first amended complaint without leave of court." (*Harris*, *supra*, 185 Cal.App.4th at p. 1021.) The *Harris* court concluded that the trial court properly dismissed the unfair business practices cause of action because it had been alleged without permission. The court determined that it did not need to decide the preemption issue. (*Id*. at p. 1023.)

We perceive no meaningful distinction between *Harris* and the case at bar, and we therefore opt to apply *Harris*.

Further, if we applied *Careau* rather than *Harris*, we would be allowing HHBC to circumvent the trial court's June 7, 2013, order. That would be unfair to Bank of America, and it would be bad policy because it would undermine a trial court's authority to control the proceedings before it. If HHBC wanted its aiding and abetting cause of action properly considered, it should have obtained leave from the trial court to allege aiding and abetting in lieu of negligence.

## IV. The Trial Court was not Required to Hear the Motion for Reconsideration.

After the judgment of dismissal was entered, and after HHBC filed this appeal, the trial court lost jurisdiction to hear the motion for reconsideration. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859, fn. 29 (*Aguilar*) ["After entry of judgment, the superior court did not have jurisdiction to entertain or decide a motion for reconsideration"]; *Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th

466, 476; Code Civ. Proc., § 916, subd. (a).)[3]  As a result, HHBC took its motion for reconsideration off calendar.

On appeal, HHBC argues that the trial court should have heard the motion for reconsideration.  This argument lacks merit.

In support of its position, HHBC cites *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219 [if the requirements of Code of Civil Procedure section 1008 are met, a motion for reconsideration should be heard].  But that case does not overrule the jurisdictional rules set forth in *Aguilar* and Code of Civil Procedure section 916, subdivision (a), nor does it hold that a trial court should somehow resurrect and entertain a motion for reconsideration after it has been taken off calendar by the moving party.

Insofar as HHBC is tacitly arguing that the trial court should have refrained from entering judgment until it heard the motion for reconsideration, we deem the argument waived because HHBC has not provided us with specific argument on the topic, and it has not cited any supporting law.  (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

All other issues are moot.

---

[3]     Code of Civil Procedure section 916, subdivision (a) provides:  "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  Here, the motion for reconsideration was affected by the order sustaining the demurrer without leave to amend, and also the subsequent judgment.

**DISPOSITION**

The judgment is affirmed.

Bank of America shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT

11