Filed 7/18/16  De Elias v. Clark CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LILIANA ESPERANZA CARBAJAL DE ELIAS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUCIUS CLARK,<br><br>Defendant and Appellant. | B262496<br><br>(Los Angeles County<br>Super. Ct. No. YQ022071) |

APPEAL from an order of the Superior Court of Los Angeles County.  Glenda Veasey, Commissioner.  Affirmed.

Lucius Clark, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Lucius Clark (appellant) appeals from an order granting Liliana Esperanza Carbajal de Elias's (respondent) request for a restraining order against appellant.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2014, respondent filed a request for a domestic violence restraining order against appellant. Respondent indicated that she and appellant were living together and in her attached declaration she stated that appellant assaulted her. When respondent told appellant she was going to call 911, appellant threatened her with a knife. Respondent had to wait until appellant fell asleep before she was able to leave the residence. She was unaware that appellant was following her. Respondent sought help in a store and the police were summoned. Respondent stayed in a domestic violence shelter for approximately two weeks following the incident.

On December 22, 2014, appellant filed a response to respondent's request for restraining order in which he indicated that he did not agree to the requested order. Appellant stated he did not conduct himself in a way that would require a restraining order. Appellant shared his belief that respondent reconciled with her previous husband and that was why she was moving out. Although appellant admitted that police were called to his residence on November 29, 2014, he claimed they never interviewed him. Appellant said he never threatened respondent with a knife at any time, and that respondent later came to his home with a friend to pick up her belongings.

A hearing on respondent's request for retraining order was held on January 22, 2015. The court questioned both parties. Respondent testified that the information provided in her declaration was true and correct. Appellant explained to the court that on the day the police came to his apartment, the police did not question him. Appellant stated he was outside sitting in his car, and the police never made any statements to him. The court asked appellant if he drove off, and he stated that he did, at a later time. The court viewed a video of appellant's behavior towards respondent. Appellant protested that it was not him in the video. Appellant pointed out that respondent had twice returned to his home to get her property, "so she wasn't afraid."

2

After considering the evidence offered by both sides, the trial court found that issuance of a restraining order was necessary and appropriate. The restraining order was issued against appellant on January 22, 2015, for a period of five years.

On March 4, 2015, appellant filed a notice of appeal.

## DISCUSSION

Appellant argues that the evidence does not support issuance of the restraining order. Appellant fails to discuss the standard of review for his argument, which is the substantial evidence standard. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188 [test on appeal is whether the trial court's findings supporting entry of the restraining order are justified by substantial evidence in the record].) Under this standard, "our review begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the trial court's factual determinations. [Citations.]" (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 501.) On appeal, we do not evaluate the credibility of the witnesses or reweigh the evidence. (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968 (*Lenk*).) The testimony of a single witness may constitute substantial evidence. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 (*Mix*).)

Appellant argues that the trial court ignored his testimony that respondent returned to his home after the incident. He points out that the court failed to question respondent regarding her decision to return to his address without protection. Appellant argues that respondent would not have returned without a police escort if she truly felt her safety was in jeopardy. Appellant contends that the trial court erred in disregarding this testimony.[1]

---

[1]  Appellant also argues that in ignoring this fact, the court was ignoring Family Code section 6200. Appellant states that section 6200 requires separation of two parties involved in domestic violence for a period of time. Section 6200 provides the title of the Domestic Violence Prevention Act, it does not discuss separation of the parties. (Fam. Code, § 6200.) Appellant has failed to cite any specific statute within the Domestic Violence Prevention Act which supports his position, nor has he provided a citation to the record suggesting that he raised this issue before the trial court. Under the circumstances, we find that any argument regarding the Domestic Violence Prevention Act is forfeited. (*Natkin v. California Unemployment Ins. Appeals Bd.* (2013) 219 Cal.App.4th 997, 1011

Appellant's testimony that respondent returned to his home on more than one occasion to retrieve her property is not grounds for reversal of the order. Respondent's written and oral testimony regarding appellant's role in the domestic violence at issue here is sufficient to uphold the trial court's finding that the restraining order was necessary and appropriate. On appeal, we may not reweigh the evidence or reevaluate respondent's credibility. (*Lenk*, *supra*, 89 Cal.App.4th at p. 968.) The trial court found appellant's reports of domestic violence credible, and it is not our place to reevaluate that determination.

Appellant next argues that the trial court erred by not considering the police report, which appellant refers to as the strongest and most objective evidence. On the front of the police report, under "case screening factors," appellant notes that the box stating "prints or other evidence not present" is checked. In addition, appellant notes that an emergency order could have been requested, but no such emergency order was requested.[2] Again, these facts are insufficient to create reversible error. Regardless of whether or not there was corroborating evidence, respondent's credible testimony that she was a victim of domestic violence at the hands of appellant is sufficient to uphold the order. (*Mix, supra*, 14 Cal.3d at p. 614.)

Finally, appellant argues that respondent's pleadings and statements should be disregarded because respondent does not speak English. Appellant asks how respondent could know what appellant was saying, when respondent needed a Spanish interpreter in court. Appellant argues that all of respondent's accusations against him were based on

---

["Issues presented on appeal must actually be litigated in the trial court"]; *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 ["'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citation to authority, we treat the point as waived. [Citations.]'"].)

[2]    In a completely contradictory argument, appellant states that the requirements for Family Code sections 6251 and 6250.3 were not met according to the law enforcement findings. These sections govern emergency protective orders. However, appellant indicates that no emergency order was requested in this case. Therefore, the statutory provisions are inapplicable.

4

her understanding of English.  Appellant argues that any words communicated by respondent in English should be disregarded because respondent presented herself to the court as a non-English speaker.

It is within the exclusive province of the trial court to determine the credibility of a witness and the weight to be given to that witness's testimony.  (*People v. Jones* (1990) 51 Cal.3d 294, 314.)  It is not a proper appellate function to reassess the credibility of any witness.  (*Ibid.*)  The trial court found respondent's written and oral testimony to be credible, regardless of any language barrier.  The trial court was able to view the respondent's demeanor in court, as well as her interactions with the translator.  The trial court specifically asked the respondent whether the writing that she submitted along with her request for restraining order was true and correct.  Thus the trial court gave careful thought to the veracity of respondent's written filing, and was in a good position to determine her credibility and the appropriate weight to be given to her testimony.  That determination will not be disturbed on appeal.

In sum, we find that substantial evidence supports the trial court's order. Appellant has failed to show reversible error.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
         CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT

5