Filed 4/20/26  Elasali v. Phillips CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NOUREDDINE ELASALI, | D084899 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2021-00050091-CU-NP-CTL) |
| JENNIFER NICOLE PHILLIPS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Affirmed.

Noureddine Elasali, in pro. per., for Plaintiff and Appellant.

Delmore Greene, Terence L. Greene and Daniel W. Towson for Defendants and Respondents.

Noureddine Elasali appeals from an order of dismissal after the court's order sustaining defendants' demurrers without leave to amend.  He argues that the court erred in denying him leave to amend and requests that we allow him to amend his complaint.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November of 2021, Elasali filed a complaint for malicious prosecution, emotional distress, intentional infliction of distress, and conspiracy against 26 people and two law firms.  In 2023, defendants

Jennifer Nicole Phillips and Delmore Greene LLP, Terence L. Greene, Daniel W. Towson and Ross M. Poole filed demurrers, alleging uncertainty and failure to state a cause of action.  Elasali filed an opposition, requesting that the court grant him leave to amend the complaint but he did not state what amendments were contemplated to address the deficiencies raised in the demurrers and he did not file a proposed amended pleading.  After granting Elasali's request for a six-month continuance of the hearings on the demurrers, on July 26, 2024, the court heard and sustained the demurrers without leave to amend.  Noting that no proof of service had been filed for any of the other defendants named in the complaint, the court dismissed the action without prejudice.

## II.    DISCUSSION

Elasali argues that the trial court should not have sustained the demurrers and should have given him leave to amend his complaint.  We disagree.

" ' "On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law." ' "  (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.)

" 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed.' [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts

sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Kirwan*).)

As an initial matter, we note that in its current form, Elasali's complaint falls far short of stating any claim. It is a three-page form complaint with a single attachment naming the defendants. The caption states that it is an action for malicious prosecution; and the third page contains the statement "emotional distress, intentional infliction of distress, conspiracy" and "Defendants intentionally and willfully filed a frivolous lawsuit against me, fabricated a story to deny me right to lease . . . also fraud against the [unintelligible]." It contained no other facts and no allegations linking any defendant with any actionable conduct or any cause of action. In short, it does not state facts that would constitute any cause of action against any defendant, and therefore the court did not err in sustaining the demurrers.

As noted, Elasali further contends that the court erred in denying leave to amend, stating that the "defect in the complaint can be cured . . . ." When a demurrer "is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Kirwan, supra,* 39 Cal.3d at p. 318.)

"The burden of proving such reasonable possibility is squarely on the plaintiff." (*Kirwan*, supra, 39 Cal.3d at p. 318.) As the party asserting error, the appellant "must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn*. (2009)

3

172 Cal.App.4th 857, 862; see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived"].)

The 2021 complaint asserted that the complaint was to be amended by an attorney; but by the time of the motion hearing nearly three years later, Elasali was still appearing in propria persona and the complaint had never been amended. His opposition to the demurrer did not explain how he could amend the complaint, nor does he explain to us in this appeal what he would offer as an amendment. The statement of facts in Elasali's opening brief asserts that he was discriminated against for using a voucher to lease a unit and that the defendants are two law firms, one representing the property management company and one representing the property owner. However, even on appeal, he does not mention by name any of the demurring parties, much less attempt to describe their respective roles in the alleged discrimination.

Not knowing any of the underlying facts, we cannot know whether, in theory, it might be possible for Elasali to amend his complaint to state a cause of action against one or more defendants, and therefore we cannot be sure that Elasali's complaint is incapable of amendment. (See *California Federal Bank v. Matreyek* (1992) 8 Cal.App.4th 125, 130–131.) But as we note above, Elasali bears the burden of proving that the complaint can be amended (*Kirwan, supra,* 39 Cal.3d at p. 318), and he has failed to meet that burden here. Accordingly, the trial court did not abuse its discretion in denying him leave to amend his complaint.

### III. DISPOSITION

We affirm the order dismissing the underlying action.  Respondents shall recover their costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(1).)

KELETY, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.