Filed 4/9/14  McDaniel v. Rangel CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MONICA McDANIEL,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL RANGEL, SR. et al.,<br><br>    Defendants and Appellants. | D064509<br><br><br><br>(Super. Ct. No. 37-2013-00056756-CU-HR-EC ) |

APPEAL from an order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Daniel Rangel, Sr. and Daniel Rangel, Jr., in propria personas.

No appearance by Respondent.

Daniel Rangel, Sr. and Daniel Rangel, Jr. (together Appellants) appeal an order granting a restraining order against them.  We affirm.

The superior court held a hearing on Monica McDaniel's request for a restraining order against Appellants.  Appellants and McDaniel appeared at the hearing and all three individuals testified.  No party was represented by counsel.

After hearing the evidence, the court issued a minute order granting the restraining order as requested. Appellants subsequently were served with a civil harassment restraining order after hearing. They timely appealed the order.

Initially, we observe that Appellants, as in propria persona litigants, are "entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

On appeal, the order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, if the order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) All intendments and presumptions are made to support the order on matters as to which the record is silent. (*Denham*, *supra*, at p. 564.)

Here, Appellants' opening brief consists of a single page of argument. Although the brief is largely unintelligible, as best as we can discern, Appellants appear to be

2

challenging the sufficiency of the evidence justifying the restraining order.  However, if an appellant does not provide an adequate record to support a contention of insufficiency of the evidence to support a finding, that contention may be deemed waived.  (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Goldring v. Goldring* (1949) 94 Cal.App.2d 643, 645.)  "Failure to set forth the material evidence on an issue waives a claim of insufficiency of the evidence."  (*Brockey v. Moore* (2003) 107 Cal.App.4th 86, 96.)

Appellants' opening brief is devoid of any citations to the record or case law.  The record does not include the reporter's transcript.  As such, we cannot ascertain what evidence was adduced at the hearing nor can we determine if the order is not supported by substantial evidence.  Simply put, Appellants' arguments are not supported by any legal authority or citation to the record.  Thus, we deem Appellants' arguments waived.  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)

## DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

BENKE, J.

NARES, J.

3