Filed 3/6/15  Gorman v. Dwyer CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JOE WAYNE GORMAN, | D065330 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00056178- CU-BC-CTL) |
| DAVID DWYER, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Affirmed.

Joe Wayne Gorman, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Joe Wayne Gorman appeals an order denying his ex parte request for a preliminary injunction.  We affirm.

Initially, we observe that Gorman, as an in propria persona litigant, is "entitled to the same, but no greater, rights than [a] represented litigant and [is] presumed to know

the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

On appeal, the order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, if the order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) All intendments and presumptions are made to support the order on matters as to which the record is silent. (*Denham*, *supra*, at p. 564.)

As best as we can discern from the record, Gorman sued certain defendants in relation to a car loan and collection activities related to that car loan. At some point, he applied ex parte for a preliminary injunction. However, the record does not contain Gorman's application or any supporting pleadings or evidence. There is no transcript of the ex parte proceeding. Gorman's brief does not discuss in detail what occurred at the ex

parte hearing.  Indeed, we primarily are left with the superior court's minute order as the sole indication of what occurred during the ex parte hearing.  The order states:

> "Motion set for 9/27/13 is not in proper form.
>
> "Even if the Court were to consider the declaration of Joe Wayne Gorman, this does not establish that plaintiff was harassed.  [¶] Further there is not competent evidence that Chase Auto Finance is not a licensed lender in California, nor is there any competent evidence that loan disclosure documents were improper.  [¶] Further there is no competent evidence that the debt collection agency in Arizona is unlicensed.  Plaintiff has failed to establish reasonable probability of prevailing on the merits.  [¶] Request for Preliminary Injunction is DENIED.
>
> "Therefore the Court declines to approve method of service.  Instead plaintiff may submit a formal request for entry of default to the Court Clerk.  [¶] For convenience of plaintiff, Court Clerk explains apparent deficiencies in service of Summons and Complaint."

Gorman's opening brief does not address the court's order denying his apparent request for a preliminary injunction.  Instead, Gorman focuses on his efforts to serve certain defendants.  The issue of service is not before this court.  Gorman appealed an order denying his application for a preliminary injunction.

The general purpose of a preliminary injunction is to preserve the status quo pending a determination on the merits of the action.  (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528.)  " 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy.  It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial

3

on the merits, the defendant should or . . . should not be restrained from exercising the right claimed by him.' " (*Ibid.*)

A trial court must weigh two interrelated factors when deciding whether to grant a plaintiff's motion for a preliminary injunction: (1) the likelihood that the plaintiff will prevail on the merits at trial; and (2) the relative interim harm to the parties from the issuance or nonissuance of the injunction; that is, the interim harm the plaintiff is likely to sustain if the injunction is denied as compared to the harm the defendant is likely to suffer if the preliminary injunction is issued. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109; *Butt v. State of California* (1992) 4 Cal.4th 668, 677-678 (*Butt*).)

Thus, "[t]he trial court's determination must be guided by a 'mix' of the potential-merit and interim-harm factors; the greater the plaintiff's showing on one, the less must be shown on the other to support an injunction." (*Butt*, *supra*, 4 Cal.4th at p. 678.) "A trial court may not grant a preliminary injunction, regardless of the balance of interim harm, unless there is some possibility that the plaintiff would ultimately prevail on the merits of the claim." (*Ibid.*) Accordingly, the trial court must deny a motion for a preliminary injunction if there is no reasonable likelihood the moving party will prevail on the merits. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 447; see *Yu v. University of La Verne* (2011) 196 Cal.App.4th 779, 786-787 [order denying a motion for preliminary injunction should be affirmed if the trial court correctly found the moving party failed to satisfy either of the two factors].)

4

Appellate review of a trial court's order granting or denying a motion for preliminary injunction generally is "limited to whether the trial court's decision was an abuse of discretion." (*Butt*, *supra*, 4 Cal.4th at p. 678; see *Yu v. University of La Verne*, *supra*, 196 Cal.App.4th at pp. 786-787.) "A trial court will be found to have abused its discretion only when it has ' "exceeded the bounds of reason or contravened the uncontradicted evidence." ' " (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69.) The burden rests with the party challenging a trial court's decision to grant or deny a preliminary injunction to make a clear showing of an abuse of discretion. (*Ibid.*)

Gorman's opening brief is devoid of any citations to the record or case law that could challenge, in any way, the superior court's order denying Gorman's application for a preliminary injunction. The record does not include the reporter's transcript. The record does not contain Gorman's application or any other pleading supporting Gorman's desired preliminary injunction. And the record is devoid of any evidence Gorman offered in support of his ex parte application. Gorman's brief does not explain how the trial court abused its discretion in denying his application for a preliminary injunction. As such, on the record before us, we cannot ascertain whether the trial court abused its discretion in denying Gorman's ex parte application for a preliminary injunction.

Simply put, Gorman has not made a clear showing that the trial court abused its discretion here. (See *IT Corp. v. County of Imperial*, *supra*, 35 Cal.3d at p. 69.) We therefore must affirm the order.

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.