Filed 6/5/15  K.W. v. T.I. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| K.W., | D066301 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. DN173720) |
| T.I., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, David G. Brown, Judge.  Affirmed.

K.W., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff K.W. (plaintiff) appeals from an order of the family court that dismissed his petition to establish custody rights for D.T., the minor child of defendant T.I. (defendant), based on plaintiff's claim of parentage.  The family court granted the motion by defendant to strike the petition, with prejudice, based on the showings made at the hearing.

Representing himself on appeal, plaintiff contends the petition was erroneously dismissed based upon his previous efforts to establish his parentage and the alleged lack of a fair hearing. At plaintiff's request, this court augmented the record to provide the history of the prior proceedings. Defendant has not filed a brief.

We have reviewed the record and conclude plaintiff's challenges to the dismissal order are not well taken. The family court had an adequate basis in the evidence to exercise its discretion in the manner it did. We affirm.

I

*CURRENT PETITION AND PREVIOUS ORDERS*

We set forth only those facts that are relevant to the issues on appeal. The record shows that defendant gave birth to the minor child in 2006 and did not identify a father on the birth certificate. Plaintiff's declaration states that at that time he was 16 years old and he signed a paper giving up his parental rights. The parties were never married. Defendant got married for a brief time to the child's stepfather, who considered adopting the child, but did not follow through.

According to a minute order of February 14, 2013, plaintiff's parental rights had been terminated in December 2012 in connection with the adoption request. On February 14, 2013, plaintiff brought a motion to set aside the termination of his parental rights, and the court granted the motion and dismissed the pending adoption petition for the child. The court advised plaintiff he would need to seek custody and visitation orders in the family court. Plaintiff filed such a petition, also requesting appointment of minor's

2

counsel, and obtained a hearing date in June 2013. The matter was continued to August 27, 2013.

After the August 27, 2013 hearing, the court issued findings and orders after hearing to allow further proceedings on whether plaintiff was a presumed father under Family Code[1] section 7611, subdivision (d) (the Uniform Parentage Act). The court ordered DNA testing of the child and set a trial for January 16, 2014, on presumed father status under *Adoption of Kelsey S.* (1992) 1 Cal.4th 816 (*Kelsey S.*). Depending on the outcome of that trial, the court would schedule further proceedings on remaining issues of custody, visitation and support. The request for appointment of minor's counsel was denied without prejudice.

Plaintiff obtained an appointment for DNA testing but defendant did not cooperate until shortly before the hearing. On January 15, 2014, plaintiff filed an answer on the *Kelsey S.* presumed father issues, claiming he did not realize he had signed away his parental rights when the child was born, and he believes his rights were reinstated in 2012. He attached DNA testing results for himself and the child, showing a 99 percent plus probability that he is the biological father.

At the January 16, 2014 trial, defendant was represented by counsel and plaintiff represented himself. The court (Judge Brown) heard testimony from plaintiff, defendant, and other witnesses, and received an agency report from family court services. The court ruled that defendant was credible and that plaintiff had not demonstrated a willingness to

---

[1]     All further statutory references are to the Family Code.

3

assume custody of the child and did not make a public acknowledgment of paternity, nor assist with expenses. The court made findings that plaintiff "did not seek prompt legal action to seek custody of the child and has demonstrated conduct showing he would be an unfit parent." The motion to strike was granted and the petition was accordingly dismissed with prejudice. Counsel for defendant was directed to prepare the findings and order after hearing. This was not done until July 16, 2014.

On March 12, 2014, in another case number, plaintiff sought to challenge Judge Brown from conducting further proceedings, but the request was denied and the court noted the current case had been dismissed with prejudice. This appeal was filed to challenge the order dismissing this case.

II

*APPLICABLE STANDARDS*

A. Basic Rules of Review

On appeal, the judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) Accordingly, if the judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Denham, supra*, at p. 564.) An plaintiff has the burden to provide an adequate record and affirmatively show reversible error. (*Ibid*.)

4

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any plaintiff, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an plaintiff fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

### B. Arguments on Appeal; Statutory Criteria

As best we can determine from the opening brief, plaintiff claims that he had fully established his parental rights as of February 2013, but defendant did not cooperate. However, the record does not support a finding that plaintiff was ever found to be a presumed father before the subject hearing took place in January 2014. At that time, he was given an opportunity to attempt to prove he was entitled to parental rights, but he was unable to do so, after testimony from witnesses.

Under section 7611, subdivision (d), there is a rebuttable presumption that a man is the natural father of a child if he "receives the child into his [] home and openly holds out the child as his [] natural child." For the rebuttable presumption to arise, plaintiff had the burden of establishing by a preponderance of the evidence that both elements existed: reception into his home, and his open and public acknowledgement of paternity. (*In re Spencer W.* (1996) 48 Cal.App.4th 1647, 1652-1653 [foundational facts must be established by preponderance of evidence, to obtain benefit of presumption].) As the

5

trier of fact, the family court had to determine whether the foundational facts were established by a preponderance of evidence. (*Id.* at p. 1653.)

Under *Kelsey S., supra,* 1 Cal.4th 816, whether presumed father status can be established under section 7611, subdivision (d), depends upon whether the applicant promptly attempted to assume full parental responsibilities, and showed " 'a willingness himself to assume full custody of the child—not merely to block adoption by others.' " (*Adoption of Michael H.* (1995) 10 Cal.4th 1043, 1054, 1051 ["to become a presumed father, a man who has neither married nor attempted to marry his child's biological mother must not only openly and publicly admit paternity, but must also physically bring the child into his home," italics omitted]; 10 Witkin, Summary of Cal. Law (10th ed. 2005) Parent and Child, § 39, p. 98.) Plaintiff provided his declarations and answers showing the trial court that he had signed away his parental rights when he was 16, and he told the court he did not pay attention to what the form said and he was a "dumb young teenager who didn't know any better."

Be that as it may, we are not permitted to relitigate this case and plaintiff has not brought forward any arguments or facts to show the order failed to meet the above legal standards. Essentially, his opening brief claims that different evidence should have been considered or provided. For example, he argues: "I was never allowed to see my son not even when he was born she kicked me out the hospital and didn't put my name on the birth certificate and cheated on me when we were together. That is why I requested a DNA tests she is a gamest. . . . [*Sic.*] [¶] My subpoena witnesses he never considered Social worker: Natasha Hood's testimony about [defendant] falsified evidence in the

6

adoption case. [*Sic.*] I had to augment my case so I submitted new proof to support my claim in what I'm saying. [¶] This couldn't be fair. My rights are being refused with no grounds."

According to the minute order and the formal order, the court took testimony from plaintiff and defendant, as well as other witnesses, and it received and considered the exhibits offered. Given the relevant statutory criteria and the record provided, we cannot find there was any error or any abuse of discretion in the family court's dismissal of the petition. We are not bound to develop plaintiff's argument for him, and "the absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.) Even if we liberally construe the opening brief and its contentions, we cannot rehear the evidence and must instead presume that it supports the family court's determinations. (*Denham, supra*, 2 Cal.3d at p. 564.) We affirm the dismissal of the petition.

DISPOSITION

The order striking and dismissing the petition is affirmed. Each party shall bear its own costs.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

7