Filed 10/8/15  Martin v. Withsosky CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOHN FLEMMING MARTIN, | D066742 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00005531-CU-MC-CTL) |
| DENNIS WITHSOSKY et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Richard E. L. Strauss, Judge.  Affirmed.

John Flemming Martin, in pro. per., for Plaintiff and Appellant.

Finch, Thornton & Baird, P. Randolph Finch Jr., Andrea L. Petray and Kristine B. Hubbard for Defendants and Respondents.

John Flemming Martin appeals an order granting Dennis Withsosky and Beaver Hollow, LLC's (together Respondents) motion to strike his complaint under Code of Civil Procedure[1] section 425.16, the anti-SLAPP (strategic lawsuit against public participation) statute, and dismissing the complaint with prejudice.  We affirm.

---

1    Statutory references are to the Code of Civil Procedure unless otherwise specified.

FACTUAL AND PROCEDURAL BACKGROUND

Beaver Hollow, LLC is the owner of an undeveloped parcel of real property located in Jamul, California (the Beaver Hollow Property). The Leonard Arthur Stewart and Darlene Ann Stewart Family Trust is the owner of the real property located adjacent to the Beaver Hollow Property (Stewart Property).

Martin resided on or otherwise occupied the Stewart Property. Beaver Hollow discovered an unauthorized fence erected on the Beaver Hollow Property and goats grazing on the property, eating vegetation, and causing property damage.

Beaver Hollow subsequently filed a complaint in the San Diego County Superior Court, naming Martin as a defendant and alleging causes of action for trespass, quiet title, and declaratory relief related to Martin's unauthorized use of the Beaver Hollow Property (the Beaver Hollow Action). After commencing the Beaver Hollow Action, Beaver Hollow recorded a notice of lis pendens and filed the lis pendens in the Beaver Hollow Action.

Martin then filed a complaint in the San Diego County Superior Court, alleging one cause of action against Respondents. In his complaint, Martin alleged he suffered damages based on Beaver Hollow filing its complaint in the Beaver Hollow Action and "untruths" contained in that complaint. Specifically, Martin alleged:

> "Court proceedings were instigated by the defendant's [sic] again [sic] innocent property owner's 'Stewarts' . . . . In each case, the Defendant's actions indicate that efforts to evade the issues of labor and the fact that over 20 acres of said property was cleared to the ground as commanded by the Defendant Doe #1. In fact all efforts in the civil proceedings was [sic] based on the UNTRUTH 'That permission was given to the plaintiff.' In court actions based on

2

untruth are grounds for 'punitive damages' which are now requested by the plaintiff."  (Emphasis in original.)

Martin also attached a copy of the recorded lis pendens from the Beaver Hollow Action to his complaint.  Toward the end of his complaint, Martin requested:  "The Court . . . grant punitive damages for filing and proceedings based totally on an UNTRUTH." He also prayed for punitive damages for the "UNTRUTH."  (Emphasis in original.)

Respondents filed an anti-SLAPP motion, seeking to strike Martin's complaint.  In response, Martin filed a pleading entitled "Plaintiff's Rebuttal to Motion to Strike, Opposition to Request for Special Interrogatories and Demurrers by Beaver Hollow and Dennis Withsosky."  In that pleading, Martin reiterated that the allegations in the complaint in the Beaver Hollow Action were untrue and that his complaint should survive the anti-SLAPP motion.  Martin did not file any evidence in support of his pleading.  Respondents filed a reply, pointing out that Martin did not show a probability of prevailing at trial.

The superior court granted the anti-SLAPP motion and dismissed Martin's complaint with prejudice.

Martin timely appealed and filed an opening brief.  Respondents filed their brief as well as a motion to dismiss the appeal, or in the alternative, augment the record. Respondents moved to dismiss the appeal because Martin did not properly serve them with the designation of record on appeal and failed to provide an adequate record.

We deny Respondents' motion to dismiss, but grant their motion to augment the record.  We address the merits of Martin's appeal below.

DISCUSSION

Initially, we observe that Martin, as an in propria persona litigant, is "entitled to the same, but no greater, rights than [a] represented litigant and [is] presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

On appeal, the order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, if the order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) All intendments and presumptions are made to support the order on matters as to which the record is silent. (*Denham*, *supra*, at p. 564.)

A special motion to strike under section 425.16 allows a defendant to gain early dismissal of a lawsuit that qualifies as a SLAPP. (*Equilon Enterprises, LLC v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 65.) A two-step analysis is required when the superior court is requested to rule on a special motion to strike under the anti-SLAPP statutory framework. (*Id.* at p. 67.) The court is first to determine if the lawsuit falls within the

4

scope of the statute, as arising from protected activity (generally, petitioning or free speech). (*Ibid.*; § 425.16, subd. (b)(1).) The defendant bears the burden of demonstrating that a cause of action in the lawsuit is one "arising from" protected activity. (§ 425.16, subd. (b)(1).)

The second prong of the statute deals with whether the plaintiff has "demonstrated a probability of prevailing on the claim." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (*Navellier, supra,* at p. 89.) For purposes of an anti-SLAPP motion, "[t]he court considers the pleadings and evidence submitted by both sides, but does not weigh credibility or compare the weight of the evidence. Rather, the court's responsibility is to accept as true the evidence favorable to the plaintiff. . . ." (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212.) A plaintiff "need only establish that his or her claim has 'minimal merit' [citation] to avoid being stricken as a SLAPP." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291.)

We review de novo the trial court's rulings on an anti-SLAPP motion. (*Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 645.)

In regard to the first prong of our anti-SLAPP analysis, "[w]e look for 'the principal thrust or gravamen of the plaintiff's cause of action.' [Citation.] We 'do not evaluate the first prong on an anti-SLAPP test solely through the lens of a plaintiff's cause of action.' [Citation.] The 'critical consideration' is what the cause of action is

5

based on."  (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 464-465; italics omitted.)  Here, Martin's claim for damages arises largely out of his allegation that the complaint in the Beaver Hollow Action is based on "untruths."  Alternatively stated, the foundation of Martin's case against Respondents is that he was damaged by the allegations in the complaint in the Beaver Hollow Action.  However, section 425.16, subdivision (e) protects "any written or oral statement or writing made before a . . . judicial proceeding . . . ."  (§ 425.16, subd. (e)(1).)  Such protection includes allegations found in a complaint like the one in the Beaver Hollow Action.  (See *Navelier, supra,* 29 Cal.4th at p. 90.)  We thus conclude that Martin's lawsuit arises from protected activity.

Next, we evaluate whether Martin has shown a probability of prevailing on his claim.  (*Navelier*, *supra*, 29 Cal.4th at p. 88.)  The plaintiff " ' "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' "  (*Id.* at pp. 88-89.)

To satisfy the second prong of the anti-SLAPP analysis, " ' "the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.]" [Citation.]' [Citation.]  " 'Thus, plaintiffs' burden as to the second prong of the anti-SLAPP test is akin to that of a party opposing a motion for summary judgment.' " [Citation.]  If the plaintiff fails to carry that burden, the cause of action is 'subject to being stricken under the statute.' "  (*Feldman v. 1100 Park Lane*

6

*Associates* (2008) 160 Cal.App.4th 1467, 1477-1478; accord, *Delois v. Barrett Block Partners* (2009) 177 Cal.App.4th 940, 946-947.)

In determining whether Martin will probably prevail on the merits, we consider the pleadings and evidentiary submissions on both sides, but we do not weigh credibility or comparative strength of the evidence. (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 906.) A plaintiff can only sustain its burden with admissible evidence. (See *McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 108; *Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1017 ["The plaintiff may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence."].)

Here, Martin has not cited to any portion of the record where he submitted evidence to oppose Respondents' anti-SLAPP motion. Our independent review of the record has uncovered none. Instead, Martin simply refers this court to the allegations in his complaint. The allegations in the complaint, however, are not evidence. (See *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 672-673.) Without proving any admissible evidence, Martin has not shown the probability of prevailing on his claim.

In addition, we are not persuaded by Martin's argument that he should be permitted to file an amended complaint to defeat the anti-SLAPP motion. A party cannot amend its complaint solely to alter or avoid the court's decision on a pending anti-SLAPP motion. (*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1054-1055.) Allowing a party to amend would be "inconsistent with the purpose of the SLAPP statute." (*South Sutter, LLC v. L.J. Sutter Partners, L.P.* (2011) 193 Cal.App.4th 634, 666.) By amending, the plaintiff would be allowed " 'to go

7

back to the drawing board with a second opportunity to disguise the vexatious native of this suit through more artful pleading.' " (*Sylmar*, *supra*, at p. 1055; italics omitted.) Thus, Martin cannot prevail here by arguing he should be permitted to amend his complaint.

In summary, Martin's claim for damages arises out of protected activity−the allegations in the complaint in the Beaver Hollow Action. Martin has not carried his burden of showing that he would prevail on his claim. Consequently, we determine the superior court did not err in granting the anti-SLAPP motion and dismissing Martin's complaint with prejudice.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


NARES, J.