Filed 10/23/15  Cal. Housing Finance Agency v. Rothman CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA HOUSING FINANCE AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LARRY ROTHMAN et al., <br><br> Defendants and Appellants. | D068480 <br><br><br> (Super. Ct. No. CIVDS915284 ) |

APPEAL from an order of the Superior Court of San Bernardino, Brian S. McCarville, Judge.  Affirmed.

The Justice Law Center, Lee H. Durst; Larry Rothman & Associates and Larry Rothman, for Defendants and Appellants.

Kamala D. Harris, Attorney General, Douglas J. Woods, Mark R. Beckington and Michael Glenn Witmer, Deputy Attorneys General, for Plaintiff and Respondent.

Larry Rothman (Rothman) and Larry Rothman, a professional law corporation (the Firm; Rothman and the Firm together the Rothman Defendants) appeal an order after

judgment awarding them $525 in attorney fees under Civil Code[1] section 1717.5.[2]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The California Housing Finance Agency (Agency) exercised its power of sale under a deed of trust and foreclosed its interest, obtaining title to certain real property commonly known as 1565 Coulston Street, #11, San Bernardino, California 92408 (Property).  As such, the Agency became the owner of the Property.

The Property is a condominium and belongs to a homeowners association (association).  Within a month of becoming the Property's owner, the Agency received a letter written by Rothman, the association's attorney, seeking $6,194.91 in delinquent assessments against the Property.  The Agency paid a portion of the delinquent assessments and informed Rothman that it was disputing the remainder of the assessments.

The Property's roof had a leak, and despite multiple requests from the Agency, the association refused to repair it.  The Agency paid $2,100 to repair the roof and informed Rothman and the association that it had done so.

The Agency subsequently opened escrow for the sale of the Property.  Rothman, on behalf of the association, presented the sale escrow with a demand in the amount of $6,712.41 for the alleged delinquent assessments.  Although the Agency refuted the

---

[1]     Statutory references are to the Civil Code unless otherwise specified.

[2]     The order states that attorney fees are awarded under Code of Civil Procedure section 1717.5.  As no such statute exists, it appears the superior court actually awarded fees under Civil Code section 1717.5, which relates to attorney fees for an action to enforce an open book account.  (See § 1717.5, subd. (a).)

2

amount of the delinquent assessments, it paid them under protest so it could sell the Property.

The Agency then brought suit against the association and the Rothman Defendants, alleging causes of action for slander of title and nuisance against the association and the Rothman Defendants, breach of contract and breach of fiduciary duty against the association, and violation of the federal Fair Debt Collection Practices Act (FDCPA) against the Rothman Defendants.

The matter proceeded to a bench trial where the trial court found in favor of the Agency against the association on the breach of contract, nuisance, and breach of fiduciary duty claims. The court ordered the association to pay the Agency $2,100 plus costs as well as $2,870 in sanctions. The court found in favor of the Rothman Defendants on the nuisance and violation of the FDCPA claims. However, it ordered the Rothman Defendants to pay the Agency $4,380 in sanctions. The court also found in favor of the association and the Rothman Defendants on the slander of title claim. Finally, the court found the association, the Rothman Defendants, and attorney Lee H. Durst, jointly and severally, owed the Agency $2,175 in additional sanctions.

The Rothman Defendants subsequently brought a motion for attorney fees. In that motion, they sought fees under sections 1354 and 1717. The Rothman Defendants asked for over $675,000 in fees for legal fees they paid to both Durst and Rothman.

The Agency opposed the motion, arguing that the Rothman Defendants were not able to recover their attorney fees under any contract or statute. Rothman filed a reply.

3

After considering the pleadings and evidence submitted as well as hearing oral argument, the court awarded the Rothman Defendants $525 in attorney fees under section 1717.5.

The Rothman Defendants timely appealed.

DISCUSSION

On appeal, the order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) Accordingly, if the order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) All intendments and presumptions are made to support the order on matters as to which the record is silent. (*Denham*, *supra*, at p. 564.)

An appellant has the burden to provide an adequate record and affirmatively show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Further, it is the appellant's duty to support arguments in his or her briefs by references to the record on appeal, including citations to specific pages in the record. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).) "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court

4

to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Here, we struggle to understand the Rothman Defendants' opening brief. They fail to adequately cite to the record or provide this court with a summary of the important facts. Instead, they leave this court to comb through the record to attempt to piece together the factual and procedural background giving rise to the instant appeal. On these grounds alone, we would affirm the order. (See *Duarte, supra*, 72 Cal.App.4th at p. 856.) Nevertheless, to the extent we can, we address the merits of the Rothman Defendants' claims.

The Rothman Defendants only address the attorney fees that they believe should have been awarded for Durst's representation of them. They do not discuss the fees they sought for Rothman's representation. As such, we consider any objection to the court's order regarding fees for Rothman's legal services waived.

Here, the Rothman Defendants contend they are entitled to their attorney fees, under sections 1354 and 1717, for Durst's representation of them. However, they neglect to support their position with citations to the record or any relevant authority.

Section 1354, subdivision (c) (now § 5975, subd. (c)), a provision of the Davis–Stirling Common Interest Development Act (the CID Act)[3] provides that in an action to

---

[3]    In 2012, the CID Act was recodified. "The former provisions of the Civil Code were repealed and reenacted as new sections of the Civil Code. (Stats. 2012, ch. 180, §§ 1–3, operative Jan. 1, 2014; see generally Recommendation: Statutory Clarification and Simplification of CID Law (Feb. 2011) 40 Cal. Law Revision Com. Rep. (2010) p. 235.) The specific provision at issue in this case—former section 1354, subdivision (c)—was repealed and reenacted without change as section 5975, subdivision (c)." (*Tract 19051 Homeowners Association v. Kemp* (2015) 60 Cal.4th 1135, 1138, fn. 1.)

enforce the governing documents of a common interest development, such as certain covenants, conditions and restrictions (CC&Rs), "the prevailing party shall be awarded reasonable attorney's fees and costs." (§ 5975, subd. (c); see *Tract 19051 Homeowners Association v. Kemp, supra,* 60 Cal.4th at pp. 1138-1139.) Here, the Agency sued the Rothman Defendants for slander of title, nuisance, and violation of the FDCPA. The Rothman Defendants merely conclude that they were sued "based upon the violation of the" CC&Rs. Yet, they do not cite to any portion of the record to support their position.

The only cause of action against the Rothman Defendants that made any reference to the CC&Rs was the claim for nuisance. In that cause of action, the Agency claimed the association and the Rothman Defendants violated the CC&Rs and by the terms of those CC&Rs, every violation should be deemed a nuisance. In the statement of intended decision, the court sets forth that it found that the Agency established a claim for nuisance against the association for its failure to maintain the roof on the Property. The court, however, does not explain why it found for the Rothman Defendants on the nuisance claim.[4]

Nevertheless, in considering the allegations of the claim, it is clear why the Agency was unsuccessful as to the Rothman Defendants. The portion of the CC&Rs quoted in the complaint states that a nuisance claim may be brought by or against the

---

4    For reasons not explained to this court, in the statement of intended decision, the superior court referred to the fourth cause of action as breach of fiduciary duty. It then explained that the Agency proved this claim against the association, but not the Rothman Defendants. However, in the complaint, the Agency listed breach of fiduciary duty as the third cause of action and only sued the association under this count. The Agency listed nuisance as the fourth cause of action in the complaint and named the association as well as the Rothman Defendants as defendants under this claim.

owners or the association. Thus, by the terms of the CC&Rs, claims brought as nuisances under the terms of the CC&Rs can only involve owners and the association. As no one argues that the Rothman Defendants are owners or the association, the Agency's claim under the CC&Rs had to fail.

In addition, the language regarding claims for nuisance in the CC&Rs mirrors that found in section 5975: "Unless the declaration states otherwise, these servitudes may be enforced by any owner of a separate interest[5] or by the association, or both." (§ 5975, subd. (a).) Moreover, section 5975, subdivision (c) allows for the award of attorney fees to the prevailing party in an action to enforce the CC&Rs. Here, the Agency could not have enforced the CC&Rs against the Rothman Defendants because they were not owners or the association. Therefore, to the extent that the nuisance claim could be perceived as a claim to enforce the CC&Rs, that claim would logically fail as to any party that was neither an owner nor the agency. Further, there is no language in section 5975 that would award attorney fees under the circumstances here.

The Rothman Defendants next insist they were entitled to their attorney fees under section 1717. Section 1717, subdivision (a) sets forth in relevant part:

> "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

---

5      "Separate interest" in a condominium project is a separately owned unit. (§ 4185, subd. (a)(2).)

Here, the Rothman Defendants do not clearly set out the contract to which they are a party, the claim related to that contract to which they prevailed, and the attorney fee provision contained in that contract. Instead, they make reference to some CC&Rs attached to a declaration filed in support of their motion for attorney fees, but they do not cite to any corresponding page in the record before us. In other words, they leave this court to scour through the record to support their argument. This we will not do. (See *In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.) Moreover, although we located the subject declaration in the record and it did reference CC&Rs as an attachment to the declaration, there was no CC&Rs attached to it in the record. Accordingly, the Rothman Defendants have not shown the superior court erred on this issue. (See *Denham, supra*, 2 Cal.3d at p. 564.)

The Rothman Defendants' final argument is that they are entitled to attorney fees under the FDCPA because the Agency's action under that statute was frivolous. However, they never made any such argument in the superior court. Thus, they cannot raise it here on appeal in the first instance, and we deem the argument forfeited. (See *In re Crystal J.* (1993) 12 Cal.App.4th 407, 411-412.)

In summary, we determine the superior court did not err in awarding the Rothman Defendants $525 in attorney fees under section 1717.5. We note that under that section, a court may award reasonable attorney fees and costs "in any action on a contract based on a book account." (§ 1717.5, subd. (a).) However, we see no basis for such an award and struggle to follow the court's reasoning in awarding fees under that statute. That said, as the Agency has not appealed the order, we affirm it.

Finally, we make one concluding observation in this matter. The Rothman Defendants assert in their opening brief that this case should have been brought in small claims court. They lament the fact it was filed in superior court. Despite admitting that the case did not concern a high dollar amount in potential damages, they asked the superior court for $675,765 in attorney fees. "It is elementary that attorney fees must be reasonable." (*Civic Western Corp. v. Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 16.) Simply based on the Rothman Defendants' own arguments and the limited record before us, we struggle to understand how the Rothman Defendants could even begin to argue that such fees are reasonable in a case that they maintain should have been brought in small claims court.

## DISPOSITION

The order is affirmed. The Agency is awarded its costs on appeal.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

9