Filed 8/29/25  Washingtom v. Reid CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANITRA WASHINGTON, Plaintiff and Respondent, v. ERSELL VALERIE REID, Defendant and Appellant. | B326750 (Los Angeles County Super. Ct. No. 22NWCV00400) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Affirmed.

Graham Law Firm and Monica Graham for Plaintiff and Respondent.

Ersell Valerie Reid, self-represented litigant, for Defendant and Appellant.

# I. INTRODUCTION

Defendant Ersell Valerie Reid appeals from the trial court's entry of summary judgment in favor of plaintiff Anitra Washington in this unlawful detainer action. She contends that triable issues of material fact prevented the entry of the judgment. We disagree and affirm.

# II. BACKGROUND

## A. *Complaint*

On May 20, 2022, plaintiff filed a verified unlawful detainer complaint alleging the following. The parties entered into an oral lease agreement, pursuant to which defendant agreed to pay plaintiff $12,477.54 as monthly rent for property located on Reposado Drive, in La Habra Heights (the property). Defendant was in arrears on rent, for a total of $60,703.80, and plaintiff served defendant with a three-day notice to pay rent or quit. Defendant remained in unlawful possession of the premises.

## B. *Summary Judgment Motion*

On December 14, 2022, plaintiff filed a motion for summary judgment, pursuant to Code of Civil Procedure section 1170.7. Plaintiff submitted a declaration in support, explaining that she was the legal owner of the property pursuant to a grant deed recorded September 21, 2021 (the grant deed).[1] She also declared

---

[1]    The record reflects that the trial court granted plaintiff's request for judicial notice of the grant deed.

that she and defendant had entered into an oral lease agreement, pursuant to which defendant agreed to make monthly rental payments in the amount of the mortgage payments until defendant was able to qualify for a loan, at which time defendant would purchase the property from plaintiff. Defendant "gifted"[2] plaintiff the downpayment for the house. Defendant's first two rental payments were returned for insufficient funds, defendant did not pay rent, and plaintiff was now "extremely delinquent" on her loan and facing foreclosure. Plaintiff declared that she served defendant with eviction notices but defendant did not vacate the property and remained in possession of it.

Plaintiff also declared that defendant had forged a quitclaim deed purporting to transfer the property to defendant and submitted a copy of that deed to the court (the quitclaim deed). She explained that the California Secretary of State had confirmed the commission number for the notary listed on the quitclaim deed had expired years earlier and the name of the purported notary was not part of the state's database of notaries. She submitted a copy of the email from the Secretary of State.

Defendant did not file a written opposition to the motion for summary judgment.

On January 3, 2023, the trial court conducted a hearing on the motion and granted it. The record does not include a reporter's transcript of the proceedings but instead includes a settled statement, which we describe further below. The court

---

[2] Plaintiff attached copies of "Gift Letter[s]" in which defendant certified that she made a gift of $175,000 and $25,000, to be deposited directly into escrow and that no repayment was expected or implied.

issued a minute order, citing to the evidence introduced by plaintiff, which the court found established each of the elements of the unlawful detainer claim. The court then stated that "Defendant has failed to make a prima facie showing of the existence of a triable issue of material fact."

On January 3, 2023, the trial court entered judgment in favor of plaintiff.

C.      *Motion for Reconsideration*

On January 11, 2023, defendant filed an ex parte application for an order staying execution of writ of possession pending hearing, or, in the alternative, for order shortening time for a hearing on a motion to reconsider. Defendant argued that she was "listed as the record and legal title holder of the property" and that judgment should not have been entered because, among other things, plaintiff had submitted false evidence to the court and defendant never entered into an oral agreement to rent the property. Defendant also argued that the trial court erred by failing to stay the unlawful detainer proceedings while a separate civil suit, which defendant explained "raises title issues," was pending.

On January 11, 2023, the trial court stayed the writ of possession until January 31, 2023. The court denied defendant's request to revoke the judgment but granted defendant's request to advance the hearing date for a motion to reconsider to January 31, 2023.

On January 23, 2023, plaintiff opposed defendant's motion for reconsideration. On January 26, 2023, defendant filed a reply.

4

On January 31, 2023, the trial court issued an order denying defendant's motion for reconsideration.[3] The court rejected defendant's contention that the evidence submitted by plaintiff in support of her summary judgment motion was falsified, noting that defendant "failed to submit any verified documentary evidence in opposition to the motion for summary judgment, and failed to offer any testimonial evidence." The court also rejected defendant's contention that the court erred in failing to stay the proceedings pending a resolution of the separate civil case that raised title issues. The court first noted that "[d]efendant did not alert the court to this issue prior to or at the summary judgment hearing." It then continued that defendant "did not file any complaint for quiet title to assert her claims of title to the property, and did not thereafter timely file any motion to consolidate or request the court to stay the unlawful detainer action." Finally, even if the court were to consider the merits of defendant's motion for reconsideration, the court indicated it would deny it. Among other things, the court noted that because the "quitclaim deed was not offered as evidence during the motion for summary judgment, [the Secretary of State email submitted by plaintiff that defendant challenged as being falsified] was not material to the issue." The court also noted that defendant had never asserted that she had lawfully obtained a quitclaim deed.

On February 9, 2023, defendant timely filed a notice of appeal.

---

[3]     The judge who denied the motion for reconsideration had also granted summary judgment.

D. *Settled Statement*

On June 13, 2023, defendant designated the record on appeal and elected to proceed with a settled statement. On August 4, 2023, defendant filed a proposed settled statement. Plaintiff did not file any proposed amendments and the trial court[4], with minor corrections, certified the settled statement.

The settled statement responds "No" to the question "Did any of the parties testify at the trial or hearing?" In providing a "Summary" of the proceedings, the settled statement states, among other things, that: "[The trial judge] did not accept the oral opposition presented by [d]efendant's former counsel . . . during the hearing on the MSJ."[5] The settled statement also

---

[4] Following the trial court's denial of defendant's motion for new trial, defendant filed a peremptory challenge, pursuant to Code of Civil Procedure section 170.6, of the trial judge who had presided over the summary judgment hearing and denied the motion for reconsideration. On February 2, 2023, the court denied the petition as untimely.

On February 10, 2023, defendant filed another peremptory challenge. On that same date, the trial court issued an order: (1) finding that the petition filed by defendant on February 2, 2023, *was* timely and (2) accepting the peremptory challenge. The matter was reassigned to a different bench officer and, as a consequence, the judge who certified the settled statement was not the same judge who had presided over the summary judgment hearing and denied the motion for reconsideration.

[5] The record reflects that defense counsel presented oral argument at the hearing on the summary judgment motion and the judge who presided over that hearing recited that plaintiff did not submit any documentary evidence and offered no testimonial

provides that "there was oral argument . . . by . . . [d]efendant's [c]ounsel," which included that: "there are triable issues of fact that exist in this case"; "the [d]efendant is the current record holder of the property in the county recorder's office by virtue of an after recorded deed presented by [p]laintiff herself"; "there was never a landlord-tenant relationship as there was never an oral agreement for [d]efendant to rent from [p]laintiff"; "[d]efendant did not forge the deed"; "[d]efendant took possession as an owner and made payments directly to the mortgage servicer as an owner, not a tenant"; and "there is currently a cancellation of instrument case filed by the [p]laintiff on the issue of title."

The settled statement also recited that defendant's counsel "requested a one[-]week extension to present a written opposition, since the judge would not accept consider [*sic*] the oral opposition[.] The judge denied counsel's request."

---

evidence. Accordingly, we do not construe the phrase" did not accept the oral opposition" as a refusal to permit oral opposition. Rather, we interpret the word "accept" to mean "to recognize as true" or "believe." (See Merriam-Webster's Online Dict. (2025) <https://www.merriam-webster.com/dictionary/accept> [as of Aug. 28, 2025].)

7

# III. DISCUSSION

## A. *Summary Judgment*

### 1. Applicable Law and Standard of Review

"Code of Civil Procedure section 1161 et seq. governs unlawful detainer actions. ""The statutory scheme is intended and designed to provide an expeditious remedy for the recovery of possession of real property"" [Citation.] The remedy is available to a lessor against a lessee for unlawfully holding over or for breach of a lease. [Citations.]

"A 'tenant of real property is guilty of unlawful detainer' where the tenant, among other circumstances, 'is in default for nonpayment of rent.' (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 395, see Code Civ. Proc., § 1161, subd. (2) [a landlord states a cause of action for unlawful detainer where the 'tenant continues in possession . . . without the permission of the landlord . . . after default in the payment of rent'].) 'The basic elements of unlawful detainer for nonpayment of rent . . . are (1) the tenant is in possession of the premises; (2) that possession is without permission; (3) the tenant is in default for nonpayment of rent; (4) the tenant has been properly served with a written three-day notice; and (5) the default continues after the three-day notice period has elapsed.' [Citation.]" (*KB Salt Lake III, LLC v. Fitness Internat., LLC* (2023) 95 Cal.App.5th 1032, 1045 (*KB Salt Lake III*).)

"'Summary judgment should be granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law.' [Citations.] 'In moving

8

for summary judgment, a "plaintiff . . . has met" his "burden of showing that there is no defense to a cause of action if" he "has proved each element of the cause of action entitling" him "to judgment on that cause of action. Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant . . . may not rely upon the mere allegations or denials" of his "pleadings to show that a triable issue of material fact exists but, instead," must "set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto."'" [Citations.]" (*KB Salt Lake III, supra*, 95 Cal.App.5th at pp. 1045–1046.)

The procedures governing a motion for summary judgment in an unlawful detainer action are streamlined. (*KB Salt Lake III, supra*, 95 Cal.App.5th at p. 1045.) For instance, the parties are not required to file separate statements (see Code Civ. Proc., § 437c, subd. (s)) and "[a]ny opposition to the motion . . . may be made orally at the time of hearing" (Cal. Rules of Court, rule 3.1351(b)). Such motions, however, "'"shall be granted or denied on the same basis as a motion under"'" Code of Civil Procedure section 437c. [Citation.]" (*KB Salt Lake III, supra*, 95 Cal.App.5th at p. 1045.)

"'On appeal, we review the record and the determination of the trial court de novo, viewing the evidence in the light most favorable to' the losing party. [Citations.]" (*KB Salt Lake III, supra*, 95 Cal.App.5th at p. 1046.) The "'same rules apply in ascertaining the meaning of a court order or judgment as in ascertaining the meaning of any other writing.' [Citation.] The general rule is that 'The language of a . . . [writing] is to govern

9

its interpretation, if the language is clear and explicit, and does not involve an absurdity.' (Civ. Code, § 1638.) . . . Where an ambiguity exists, 'The rule with respect to orders and judgments is that the entire record may be examined to determine their scope and effect . . . .' [Citation.]" (*Estate of Careaga* (1964) 61 Cal.2d 471, 475–476.)

### 2.    Analysis

Here, plaintiff's motion and supporting evidence were sufficient to meet her burden of showing she was entitled to a judgment on her unlawful detainer claim. She declared that she and defendant had entered into an oral lease agreement, that defendant had failed to pay rent, and that defendant remained in possession of the property even after plaintiff served her with eviction papers. Further, plaintiff filed a copy of the three-day notice, including a proof of service, as part of her complaint.

According to defendant, the trial court "erred in finding that no triable issues of material facts existed between the parties." (Emphasis omitted.) She then recites a number of such purported "material facts," including: plaintiff "was not the record title holder"; defendant "was never a tenant and did not have a landlord-tenant relationship with [plaintiff]"; "[t]here was no oral agreement between the parties"; defendant "was the one who invested $260,000 to purchase the property for her and her family's benefit"; and "[b]ecause no landlord-tenant relationship existed, the notices provided by [plaintiff] were both invalid and defective." Defendant, however, did not introduce any evidence at the hearing on the motion for summary judgment. Instead, her counsel referenced these purported facts in his argument.

10

Argument by counsel is not evidence and conclusory assertions do not raise triable issues of fact. (*Sinai Memorial Chapel v. Dudler* (1991) 231 Cal.App.3d 190, 196-197; see also *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1054 ["Material not presented in opposition to the summary judgment motion itself is not properly considered by the court in ruling on the motion"].)

B. *Issues of Title*

Defendant next contends that the trial court "erred in adjudicating issues of title in an unlawful detainer summary proceeding . . . ." She argues that "where the landlord and tenant are litigating title in an independent civil action and an unlawful detainer is simultaneously pending between them, the trial court has power to stay the unlawful detainer action" and suggests the court erred by failing to stay the unlawful detainer claim here. Defendant, however, did not request that the trial court stay the unlawful detainer proceedings pending a resolution of the separate civil suit. She therefore forfeited her argument on appeal. (*Keener v. Weld-Jen, Inc.* (2009) 46 Cal.4th 247, 264.)[6] We express no opinion on the merits of the separate civil action pending between the parties.

---

[6] Although the settled statement states that defense counsel argued, "[T]here is currently a cancellation of instrument case filed by the [p]laintiff on the issue of title," the statement makes no reference to defendant making a request to stay the unlawful detainer proceedings pending resolution of that proceeding.

11

C.    *Motion for Reconsideration and Stay*

Defendant additionally argues that the trial court erred when it denied defendant's motion for reconsideration and stay. We recite here the entirety of her argument: "The trial court denied [defendant's] motions for reconsideration and stay without adequately addressing the merits.  During the February 10, 2023, hearing, [the trial judge] refused to hear arguments from [defendant's] counsel, violating [defendant's] due process rights." We reject defendant's contention.  First, her assertion that the court refused to hear arguments at the hearing on February 10, 2023, is misguided as the record reflects the only hearing that occurred on that date was the court's granting of defendant's peremptory challenge to the trial judge who had granted plaintiff's motion for summary judgment and denied the motion for reconsideration.  Second, defendant has failed to articulate how the court erred.  "'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) 'We are not bound to develop appellants' arguments for them. [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' [Citations.]" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  We therefore treat defendant's challenge to the court's denial of her motion for reconsideration and stay as waived.

## IV.  DISPOSITION

The judgment is affirmed.  Plaintiff is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

I concur:

HOFFSTADT, P. J.

Anitra Washington v. Ersell Valerie Reid
B326750


BAKER, J., Dissenting



Plaintiff and respondent Anitra Washington (Washington) and defendant and appellant Ersell Valerie Reid (Reid) were friends until they worked together to purchase real property. It is undisputed Reid provided the down payment and closing costs for the property—more than $200,000. Washington paid nothing, but she was to be the named purchaser and sole owner on title because she had a better credit history. Under their arrangement, Reid was responsible for making (and did for a time make) the mortgage payments on the property—payments made not to Washington, but to the mortgage servicer directly. From this (and other) undisputed evidence in the record, there is a genuine question as to whether, as Washington would later claim when things went south, any landlord-tenant relationship existed between the erstwhile friends. The record instead rather strongly suggests Washington served as a mere straw purchaser of the property for Reid.

The majority nonetheless affirms a grant of summary judgment for Washington in unlawful detainer proceedings she instituted to evict Reid from the property when Reid fell behind on the mortgage payments and the mortgage servicer threatened foreclosure. I will not be a party to that affirmance, which

confirms Washington's entitlement to $165,952.08 in damages that the trial court awarded for unpaid "rent" prior to eviction *and* which means Washington will likely keep any property sale proceeds in excess of the mortgage amount owed (despite putting up none of the purchase money).

I acknowledge the way this case was litigated below leaves much to be desired. Reid's attorney failed to file a written opposition to Washington's summary judgment motion, which meant she came forward with some significant countervailing evidence only after the fact. Reid herself may have presented a false deed to the trial court. Washinton's attorney, Monica Graham, exhibited the sort of incivility that attorneys should avoid. But despite all these shortcomings, it is still clear it was error for the trial court to grant summary judgment.

Oral opposition to a summary judgment motion is expressly permitted by rule in unlawful detainer proceedings. (Cal. Rules of Court, rule 3.1351(b) ["Any opposition to the motion and any reply to an opposition may be made orally at the time of hearing . . ."].) The settled statement the trial court approved reveals the court nonetheless did not consider oral opposition from Reid's attorney, nor did the court agree to a one-week continuance to permit written opposition to be filed.[1] That alone is reversible procedural error, but the full picture of the trial court's error was even broader. Even considering solely the facts

---

[1]    The majority believes the settled statement's reference to the trial court's failure to "accept" oral opposition means the court considered oral opposition but just didn't agree with it. That strained interpretation cannot be squared with the text of the settled statement itself, which elsewhere documents that "the court "did not *consider* [Reid's attorney's] oral opposition" (emphasis mine).

2

proffered by Washington, a trial was needed to sort out what is really going on in this case and to test Washington's claim there was a bona fide landlord-tenant relationship.[2]  Reid does not appear to be blameless in this whole episode, but the judgment entered in this case, which is regrettably affirmed by the majority, still isn't justice.


BAKER, J.

---

[2]    In addition to the evidence I discussed at the outset that affirmatively suggests there was no true landlord-tenant relationship, the same is also suggested by the absence of other evidence.  Washington's declaration in support of her summary judgment motion specifies a solitary term of the purported oral lease and no others, i.e., that Reid pay the mortgage on the property for some indefinite time (as Washington puts it, "until she [Reid] was able to qualify to purchase the . . . property from me").  That does not suffice.  (*Golden West Baseball Co. v. City of Anaheim* (1994) 25 Cal.App.4th 11, 30 ["To establish a lease the agreement must show "'the parties intend to create a landlord-tenant relationship [citations] and must contain the following: a designation of the parties, a description of the premises, the rent to be paid, the time and manner of payment, and the term for which the tenant will rent the property." [Citation.]'"]; see also *Levin v. Saroff* (1921) 54 Cal.App. 285, 289 ["To create a valid lease, but few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and boundary of the property leased; *second, a definite and agreed term*; and, third, a definite and agreed price of rental, and the time and manner of payment"], emphasis added.)

3