Filed 12/11/25  P. v. Johnson CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DARRYL JOHNSON,<br><br>       Defendant and Appellant. | A171462<br><br>(San Mateo County<br>Super. Ct. No. 21NF-008659) |

After appointed counsel filed a brief identifying no arguable issues on appeal following the procedures approved by *People v. Delgadillo* (2022) 14 Cal.5th 216, Darryl Johnson filed a supplemental brief[1] challenging the denial of his motions to modify his sentence.  He also asked this court to "grant [his] direct appeal."  We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Johnson was charged in 2021 with second degree robbery (Pen. Code § 212.5, subd. (c)),[2] misdemeanor possession of drug paraphernalia (Health and Saf. Code, § 11364), and misdemeanor possession of burglary tools.

---

[1] In his brief, defendant spells his first name Darrell.  As the Felony Abstract of Judgment submitted with his notice of appeal identifies him as Darryl Johnson, this is the name we use.

[2] All undesignated statutory references are to the Penal Code.

1

(§ 466.) The pleading further alleged he employed a dangerous or deadly weapon (§ 12022, subd. (b)(1)), had suffered two prior "strike" convictions (§ 1170.12), and had suffered two serious or violent felony convictions (§ 667, subd. (a)(1)). A jury returned verdicts of guilt on the robbery and drug charges, and found the arming enhancement true. Johnson was sentenced in July of 2022 to 12 years in prison, calculated as the sum of the middle-term for robbery doubled (§ 1170.12, subd. (c)(1)), plus a one-year consecutive term for the arming enhancement (§ 12022, subd. (b)(1)), and a five-year consecutive term for one of the two enhancements per section 667, subdivision (a). Another five-year term for a prior serious felony enhancement was stayed.

Johnson appealed the convictions. (See *People v. Johnson* (May 29, 2024, No. A166220) [nonpub. opn.].) In May 2024, a panel of this division determined the trial court had erred in staying, rather than dismissing, Johnson's second five-year term for a prior serious felony enhancement. A limited remand was ordered to allow the trial court either to strike the second enhancement or to strike the punishment for the enhancement. The judgment was otherwise affirmed.

In June 2024, Johnson filed his first motion for modification of his sentence. The motion sought relief under Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81) which—effective January 1, 2022 (seven months before Johnson's sentencing hearing)—amended section 1385 "to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238; Stats. 2021, ch. 721, § 1.)

On July 18, 2024, Johnson filed two additional motions to modify his sentence. The first invoked the relief afforded by Senate Bill No. 1393 (2017–

2

2018 Reg. Sess.) (Senate Bill No. 1393), which authorized trial courts to strike prior serious felony convictions (§ 667, subd. (a)) for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1, 2.) The second motion claimed eligibility for resentencing pursuant to sections 1172.1 and 1170.12.

On July 25, 2024, the trial court denied Johnson's three ex parte motions. The court reasoned that it "lack[ed] jurisdiction to consider [them] due to the pending appeal" in docket A166220, which "divest[ed] the trial court of jurisdiction to make or vacate any order affecting the judgment pending determination of the appeal and issuance of the remittitur." A few days later, on July 31, 2024, the remittitur in A166220 issued.[3]

Following the limited remand, in August 2024, the trial court struck one enhancement pursuant to section 667, subdivision (a)(1).

## DISCUSSION

Johnson's notice of appeal, filed *in propria persona*, challenges the "order of denial for S.B. 81 [and] 1393," a reference to the motion filed in June 2024 and one of the two motions filed on July 18, 2024. The motion based on sections 1172.1 and 1170.1 is not addressed by the notice of appeal.[4] Handwriting on the notice of appeal also asserts that Johnson "has no 'appeal pending'" in A166220 and that "this court has jurisdiction to consider [his] motions. Please 'reconsider the [denials].'"

---

[3] On our own motion, we take judicial notice of the remittitur in A166220.

[4] A defendant has no right to file his own petition for resentencing relief under section 1172.1. (§ 1172.1, subd. (c).) To be eligible, a person must await an action initiated by the court or other designated governmental entity. (§ 1172.1, subd. (a)(1).) If a person files his own resentencing request, the trial court's failure to act on the request does not implicate the person's substantial rights and is not appealable. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046.)

3

After his counsel identified no issues for appeal, Johnson filed his own supplemental brief. In it, he asks this court to grant both his supplemental brief and the "direct appeal," issue an order to show cause as to why relief should not be granted, "remand this case back to the trial court for further proceedings," and, lastly, find that his appellate attorney provided ineffective assistance of counsel by filing a *Delgadillo* brief when he should have "moved . . . to dismiss [Johnson's] direct appeal."[5] None of these claims are meritorious.

First, the trial court did not err by denying Johnson's motions to modify his sentence on the grounds it lacked jurisdiction to consider them. "Subject to limited exceptions," once an appeal is filed, jurisdiction over the case passes to "the appellate court until determination of the appeal and issuance of the remittitur.'" (*People v. Burhop* (2021) 65 Cal.App.5th 808, 813.) Any order the trial court might have attempted to make before issuance of the remittitur would have been null and void. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472–1473.) This is because the remittitur operates to "'transfer[] jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court.'" (*People v. Burhop*, *supra*, 65 Cal.App.5th at p. 813.)

In this case, the remittitur from Johnson's direct appeal in A166220 had not yet issued when the court addressed the motions. This meant the appellate court still held jurisdiction and the trial court was not free to act on the case. Without jurisdiction, the court was obliged to deny the motions for the reasons it stated.

---

[5] "The filing of a supplemental brief . . . does not compel an independent review of the entire record to identify unraised issues" (*People v. Delgadillo*, *supra,* 14 Cal.5th at p. 232) but the appellate court maintains discretion to do so (*id*. at p. 233, fn. 6).

4

Johnson mistakenly appears to argue the trial court was wrong because "on July 18, 2024, [he filed] a [motion] for resentencing pursuant to [Senate Bill No.] 1393." The date he filed the motion preceded the remittitur by 13 days. The decision on the motion occurred six days before the remittitur issued. The trial court's decision was correct. And Johnson does not offer any other reason why the trial court was wrong to deny his motions. Nor does he argue why he is entitled to relief under Senate Bill No. 1393. He simply recites the bill's function without describing how it applies to his case.

Johnson next argues his appellate counsel provided ineffective assistance "when he/she failed to notify [him he] ha[d] no arguable claims and should have moved appellant to dismiss his direct appeal." These claims are unclear. First, Johnson cites *U.S. v. Mannino* (2000) 212 F.3d 835, a case that found counsel deficient for overlooking a meritorious sentencing issue. (*Id.* at p. 845.) But the error Johnson raises concerning his attorney's performance is disproven by the record. His attorney *did* notify him. A declaration attached to the *Delgadillo* brief indicates that counsel communicated to Johnson "that a brief on his behalf [had] been filed according to the procedures outlined in [*Delgadillo*]." Counsel additionally informed Johnson of his right to file a letter or supplemental brief to raise any issues he chose to call to the court's attention, which Johnson elected to submit. Further, to assist Johnson in that effort, he was provided a copy of the record and his counsel's *Delgadillo* brief, the contents of which indicated that counsel found no arguable issues for appeal after conducting a thorough review of the record. While Johnson may disagree with his attorney's assessment, that does not—by itself—constitute ineffective assistance of counsel. The *Delgadillo* brief did not waive Johnson's ability to raise his own

5

issues on appeal; it invited his supplemental brief and asked this court to conduct its own review of the record to guard against possible error.

Johnson claims his attorney should have "moved appellant to dismiss his direct appeal." Here, it is unclear which case Johnson references as his direct appeal: docket A166220 (the direct appeal from his jury trial) or the present appeal from his denied motions. Either way, he provides no basis upon which to evaluate the merits of the dismissal he seeks. Johnson makes no meaningful attempt to explain how or why counsel's alleged failure to act was constitutionally deficient or how that deficiency prejudiced his defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Centeno* (2014) 60 Cal.4th 659, 674–675 [" 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy" ' "].) Independently, we find no support in the record or the supplemental brief for Johnson's claims.

Johnson's brief next declares "[t]he legislation's intent is to reduce the prison population and to return the jurisdiction back to the trial court pursuant to AB-600 [Assembly Bill No. 600 (2023–2024 Reg. Sess.)] and Assembly Bill No. 2942." He states, "It clearly raises the constitutionality of these laws especially when these laws do not apply to similarly situated individuals. The Equal Protection Clause forbids this type of action[] in civil and criminal matters." These statements provide no guidance concerning the constitutional provision Johnson cites. He does not explain the result he seeks and how it is supported by the law or by the facts of his case. The lack of any coherent, developed argument on this point causes us to deem it forfeited. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 181 [the failure to

provide coherent organization forfeits consideration of those arguments on appeal].)

Johnson closes his supplemental brief by listing other relief he wants but which we cannot provide. For example, he asks this court to grant his direct appeal. If, by this, he refers to the issues decided in A166220, we have no authority to modify that earlier opinion. Additionally, without explanation or citation to authority, Johnson requests that we issue an order to show cause as to why relief should not be granted and "remand this case back to the trial court for further proceedings." But he does not identify what such an order and remand would require of the trial court. Nor does he cite legal authority to support the requests, and we see none that applies to his case.

"On appeal, we presume that a judgment or order of the trial court is correct, ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) As an appellant shouldering the burden of persuasion, here it was Johnson's responsibility to show error. (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237.) " '[O]ne cannot simply say the court erred, and leave it up to the appellate court to figure out why.' " (*Ibid.*; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 [court of appeal "is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived"].) This is the problem for most of Johnson's claims, as discussed above. He has not met his burden to show error by the trial court, and we treat his undeveloped points as waived. (*Nelson v.*

*Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) Our own independent review finds no error with the trial court's rulings.

## DISPOSITION

The trial court's order is affirmed.

_____

Smiley, J.

WE CONCUR:

_____

Humes, P.J.

_____

Langhorne Wilson, J.

*People v. Johnson*  A171462

9